Leigh O. Curran (# 173322)
  lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI,,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendants. | CASE NO.: 4-14-CV-00557-DMR<br>[The Honorable Donna M. Ryu]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   June 26, 2014<br>Time:  11:00 a.m.<br>Ctrm:   4, 3rd Floor |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2014 at 11:00 a.m. in the above-referenced court located at 1301 Clay Street, Oakland, CA 94612, Courtroom 4, the Honorable Donna M. Ryu presiding, defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank, FSB ("Wells Fargo"), will move to dismiss each claim for relief in the complaint.

The grounds for this motion to dismiss under Fed. R. Civ. P. 12(b)(6), which are more fully explained in the Memorandum of Points and Authorities, are:

**First Claim For Relief (Breach Of Contract):**

1. The Court lacks jurisdiction over the dispute because the subject class action

settlement agreement contains an enforceable forum selection clause, and the Honorable Richard Seeborg has exclusive and continuing jurisdiction over all disputes arising out of the agreement.

2. Plaintiff has not alleged that she has performed all of her obligations under the Settlement Agreement or excuse for non-performance, and thus, has failed to plead a viable claim for breach of contract.

**Second Claim For Relief (Violation of Fair Debt Collection Practices Act).**

1. The Court lacks jurisdiction over the dispute because the class action settlement agreement contains an enforceable forum selection clause, and Judge Seeborg has exclusive and continuing jurisdiction over all disputes arising out of the agreement.

2. Plaintiff has failed to state a claim for relief against Wells Fargo because Wells Fargo is not a "debt collector" within the meaning of the Act.

3. To the extent the claim relies on "false, deceptive, or misleading" statements, plaintiff has failed to plead such claims with the specificity required under Fed. R. Civ. P. 9.

This motion will be based on this notice, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and exhibits thereto, the documents on file in this action, the argument of counsel, and on such other information as the Court may deem appropriate.

Respectfully submitted,

Date: April 29, 2014

ANGLIN, FLEWELLING, RASMUSSEN
 CAMPBELL & TRYTTEN LLP

By: */s/ Leigh O. Curran*
Leigh O. Curran
Attorneys for Defendants WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage, FSB. f/k/a World Savings Bank, FSB ("Wells Fargo")

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

Plaintiff is a borrower who admits that she has not made her mortgage payments for more than two years.  Comp., ¶ 26.  Facing foreclosure, she now contends that Wells Fargo violated the terms of a class action settlement agreement reached in the matter entitled *In re: Wachovia Corp. "Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*, Northern District of California Case No. M:09-CV-2015-JF (the "Class Action").  *Id*., ¶¶ 13, 15.  A partial copy of the Settlement Agreement is attached as Exhibit A to the complaint.

Plaintiff contends that Wells Fargo wrongfully denied her request for a loan modification in violation of the Settlement Agreement.  She contends that the Settlement Agreement requires Wells Fargo to apply a "financial waterfall" to determine whether she qualified for a modification, and that Wells Fargo failed to apply the waterfall.  Comp., ¶¶ 18, 35.  She also contends that Wells Fargo conditioned a modification on her payment of $20,000 in violation of the Settlement Agreement (*id.*, ¶ 34), that Wells Fargo did not adequately staff its help line, did not assign a primary point of contact, did not provide certain written notifications (*id*., ¶¶ 29-31), and falsely represented the character, amount, or legal status of the debt Plaintiff owes (*id*., ¶ 51).

As briefed below, plaintiff's complaint must be dismissed with prejudice.  The Settlement Agreement contains an enforceable forum selection clause that reserves exclusive jurisdiction to the court presiding over the Class Action (now Judge Seeborg).  Plaintiff's separate action to enforce the Settlement Agreement cannot stand.

Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., is also premised on a violation of the Settlement Agreement, and thus, fails for the same reason as her breach of contract claim.  Even if the Court could assert jurisdiction over the FDCPA claim, plaintiff has not stated a cause of action because Wells Fargo is not a "debt collector" within the meaning of the statute.  As shown by judicially noticeable documents, Wells Fargo is collecting its own debt, having succeeded to the interest of the originating lender by a name change and merger.

## 2. SUMMARY OF FACTS AND JUDICIALLY NOTICEABLE DOCUMENTS.

### A. Plaintiff's Mortgage Loan.

On May 31, 2007, plaintiff and her husband borrowed $1,365,000 from World Savings Bank, FSB. Comp., ¶ 9. The loan was memorialized in an adjustable rate promissory note secured by a mortgage against the property located at 322 Whitenack Road, Far Hills, New Jersey 07931 (the "property"). A copy of the note and mortgage are attached to the Request for Judicial Notice ("RJN") as Exhibits 1 and 2.

World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007. A copy of the Office of Thrift Supervision's letter certifying the name change is attached to the RJN as Exhibit 3. Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A. and merged with and into Wells Fargo Bank, N.A. ("Wells Fargo"). A copy of the certification of Comptroller of the Currency is attached to the RJN as Exhibit 4, and a copy of the historical profile for World published by the Federal Deposit Insurance Corporation is attached as Exhibit 5. *See also*, Comp., ¶ 14 ("In 2008, [Wells Fargo] acquired World Savings Bank as a subsidiary.").

Plaintiff ceased paying her mortgage payments in 2011, and foreclosure proceedings commenced. Comp., ¶ 26.

### B. The Multi-District Litigation And The Class Action Settlement Agreement.

#### i. The Class Action.

The Class Action concerned "Pick-a-Payment" mortgage loans originated by World, which permitted borrowers to select and make a minimum payment amount for a limited time and subject to certain conditions. *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 55351, *4 (N.D. Cal. May 17, 2011). Borrowers could choose to make: (1) a fully-amortizing 30-year interest and principal payment such that the loan would be satisfied in the traditional 30-year term; (2) a fully-amortizing 15-year interest and principal payment such that the loan would be satisfied in a 15-year term; (3) an "interest-only

1  payment"; or (4) a lesser, "minimum payment." *Id*. at *4-5. When a payment was insufficient to
2  pay the interest owed, unpaid interest was added to the loan balance and the outstanding loan
3  balance increased. *Id*. at *5. The Class Action plaintiffs alleged that the loans violated the
4  federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and various state laws,
5  because the relevant loan documents failed to make adequate disclosures regarding the certainty
6  of negative amortization, the actual payment schedules, the interest rates on which these
7  schedules were based, and the full terms of the parties' legal obligations.
8      In August 2007, the lead plaintiffs' counsel filed a putative class action in the Northern
9  District of California. *Id*. The case was litigated for several years, during which time the United
10 States Judicial Panel on Multidistrict Litigation transferred to Judge Fogel for coordinated
11 pretrial proceedings numerous other "Pick-a-Payment" class actions and single-plaintiff actions.
12 *Id*. at *5-6.

13     **ii.**    **The Settlement Agreement.**

14     After extensive motion practice, the parties reached a settlement of the Class Action. *In*
15 *re Wachovia,* 2011 U.S. Dist. LEXIS 55351 at *6. On December 16, 2010, following a hearing,
16 the Honorable Jeremy Fogel granted preliminary approval of the settlement, certified three
17 classes for settlement purposes, and appointed class representatives and class counsel. *Id*.
18     The Settlement Agreement provided for three settlement classes. All class members were
19 entitled to share in the monetary benefit: Wells Fargo paid $50 million for the benefit of all
20 borrowers who, from August 1, 2003 to December 31, 2008, obtained a Pick-a-Payment loan
21 from World Savings Bank, FSB, that was secured by their primary residence. Wells Fargo also
22 agreed to make a loan modification program available to qualifying settlement class members
23 through June 30, 2013. Ex. A to Comp. (Settlement Agreement), § IV.E at 35-42.
24     Critically, the Settlement Agreement contained exclusive jurisdiction provisions. First,

25 > The Parties agree that the Court shall retain **exclusive and continuing**
26 > **jurisdiction** over the Lawsuit, the Parties, Settlement Class Members, and
> the Settlement Administrator in order to interpret and enforce the terms,
> conditions, and obligations under this Agreement.
27

Ex. A to Comp. (Settlement Agreement), § XIV.B at 55. The parties defined "Court" to "mean[]
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 the United States District Court for the Northern District of California, the Honorable Jeremy F.
2 Fogel, currently presiding, or any other court that obtains competent jurisdiction of the Lawsuit."
3 Ex. A to Comp. (Settlement Agreement), § 1.15 at 15. "Lawsuit" was defined to "mean[] the
4 action styled *In re Wachovia Corp. 'Pick-a-Payment' Mortgage Marketing and Sales Practices*
5 *Litigation*, Case No. M:09-CV-2015-JF, the Honorable Jeremy F. Fogel presiding." *Id*., § 1.35 at
6 19.

7 Next, the parties agreed that the Settlement Agreement was "subject to and conditioned
8 upon" Judge Fogel's issuance of a judgment granting final approval of the Settlement
9 Agreement:

> [The judgment] shall . . . [p]reserve the Court's **continuing and exclusive jurisdiction** over the Parties to this Agreement, including the Defendants and all Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment . . . .

13 Ex. A to Comp. (Settlement Agreement), § XV.D.6 at 56-57.

14 Judge Fogel's order granting final approval of the Settlement Agreement stated: "[t]his
15 Court will retain continuing jurisdiction to interpret and enforce the settlement agreement." *In re*
16 *Wachovia Corp.*, 2011 U.S. Dist. LEXIS 55351 at *8. Indeed, Judge Fogel noted that the court's
17 retention of jurisdiction was one of several "safeguards" to ensure that class members would be
18 able to "navigate the loan modification program." *Id*. at *14-15 ("Moreover, the Court expressly
19 has retained jurisdiction over this matter. The Court concludes that these are the best safeguards
20 that realistically could be expected in this type of settlement.").

21 Pursuant to this retention of jurisdiction, Judge Fogel ruled on multiple motions to
22 enforce the terms of the Settlement Agreement. *See, e.g.*, *In re Wachovia Corp. "Pick-A-*
23 *Payment" Mortg. Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 137901 (N.D. Cal.
24 Sept. 25, 2013) (ruling on motions to enforce filed by Vicki Schultz and J. Stuart Schultz; Edith
25 Stevenson; Robert and Deborah Brewer; Teri Royal; and Frank Natale). Another motion to
26 enforce the Settlement Agreement is pending before the Honorable Richard Seeborg, to whom
27 the Class Action was reassigned on September 30, 2013.
28

### 3. THE FIRST CLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED WITH PREJUDICE.

#### A. This Court Lacks Jurisdiction To Adjudicate Disputes Regarding The Settlement Agreement.

Plaintiff "seeks to enforce the terms of the Settlement Agreement and recover damages and attorneys' fees as a result of Defendant's breach thereof." Comp., ¶ 2. As shown above, the Settlement Agreement provides that Judge Fogel (succeeded by Judge Seeborg) retained, exclusive and continuing jurisdiction to enforce the terms, conditions, and obligations" under the Settlement Agreement. Therefore, this Court lacks jurisdiction to adjudicate plaintiff's first cause of action, which arises out of the Settlement Agreement.

In addressing this identical issue relating to the Class Action and the Settlement Agreement, the court in *Murphy v. Wells Fargo Home Mortgage*, 2013 U.S. Dist. LEXIS 118410, *31-32 (N.D. Cal. Aug. 19, 2013) (Illston, J.) dismissed the plaintiffs' claims for breach of the Settlement Agreement <u>without leave to amend</u> because exclusive jurisdiction over such disputes rested with Judge Fogel in the original action. Specifically, Judge Illston confirmed that proceeding with a separate lawsuit to enforce the Settlement Agreement is "inconsistent with the parties' contract:"

> The [Settlement Agreement] preserves the original court's jurisdiction for the limited purpose of resolving enforcement disputes. By its plain language, the contract provides an exclusive mechanism for the resolution of disputes - a proceeding in the original action. The parties explicitly contracted that the original action, which was dismissed with prejudice for all other purposes, would remain open "to administer, supervise, construe, and enforce this Agreement." **The contract does not grant the parties an unlimited right to bring entirely new dispute actions, as plaintiffs now propose to do. Instead, the parties agreed to limit their access to judicial review of contract adherence to the *original* action.**

*Id*. (italics in original, bold emphasis added).

A similar conclusion was reached in *Gonzalez v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 118355 (N.D. Cal. Aug. 21, 2012) (Davila, J.), where the plaintiff sought to enforce the same Settlement Agreement at issue here. There, the court found, first, that a separate civil action was not a proper vehicle to enforce Settlement Agreement, and second, that jurisdiction over the Settlement Agreement resided in the court having jurisdiction over the Class Action:

Anglin Flewelling Rasmussen Campbell & Trytten LLP

> It also appears that Plaintiff's proposed amendments are futile. Through the SAC, Plaintiff intends to transform this case into one seeking to enforce a settlement agreement in another case, namely *In re: Wachovia Corp. "Pick-a-Payment" Mortgage Marketing and Sales Practices Litigation,* Case No. 5:09-md-02015 JF (the "Pick-a-Payment Litigation"). But **an entirely separate and independent civil action like this one is not the proper process by which a settlement agreement from another action is enforced**. Moreover, it appears **the court assigned to the Pick-a-Payment Litigation retained continuing jurisdiction to enforce and interpret the settlement agreement in that case**. See SAC, Docket Item No. 19, at Ex.1. Thus, Plaintiff may raise any claims of noncompliance within the Pick-a-Payment Litigation, where such claims are appropriately addressed.

*Id*. at *7 (emphasis added).

Plaintiff's dispute arises out of the Settlement Agreement. A separate action is not the proper process to enforce the Settlement Agreement. Moreover, the court assigned to the Pick-A-Payment litigation (now Judge Seeborg) has retained jurisdiction to hear motions to enforce the Agreement's terms. Plaintiff's complaint in this action should be dismissed with prejudice.

**B.      The Parties' Forum Selection Clause Is Controlling.**

Both state[1] and federal courts recognize the enforceability of forum selection clauses. *See Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 495-496 (1976) (forum selection clauses are enforceable "where, as here, a plaintiff has freely and voluntarily negotiated away his right to a California forum. In so holding we are in accord with the modern trend which favors enforceability of such forum selection clauses."); *Miller-Leigh LLC v. Henson*, 152 Cal. App. 4th 1143, 1149 (2007) ("[g]iven the importance of forum selection clauses, both the United States Supreme Court and the California Supreme Court have placed a heavy burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case.") (citations omitted); *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514-515 (9th Cir. 1988) ("Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is]

---

[1]      The parties agreed that the Settlement Agreement would be "construed under and governed by" California law. Ex. A to Comp. (Settlement Agreement), § XVII.B at 58.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

invalid for such reasons as fraud or overreaching.' [citations]. "The opposing party has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'") (*citing The Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 17-18 (1972)).

The Settlement Agreement was heavily negotiated over seven mediation sessions over a 21-month period. Ex. A to Comp., § 9 at 9-10. Wells Fargo paid $50 million in settlement proceeds to the class, and $25 million to their counsel, and it made a loan modification program available to eligible class members. The settlement classes and each of their members "freely and voluntarily" negotiated away any right they had to any forum besides the court having jurisdiction over the Class Action. *Smith,* 17 Cal. 3d at 495-49. Moreover, enforcement of the forum selection clause would not be "unreasonable," "unjust," "fraud[ulent]," or "overreaching," nor would it "deprive" plaintiff of her day in court. Plaintiff is still free to have her dispute heard by Judge Seeborg—she is barred, however, from pursuing a separate complaint in a separate action.[2]

## C. Plaintiff Has Not Alleged An Essential Element Of A Cause Of Action For Breach Of Contract.

A cause of action for breach of contract requires a plaintiff to allege (1) the contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damages to plaintiff. *Careau & Co. v. Security Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1388 (1990). Plaintiff has not alleged that she has performed all of her obligations under the Settlement Agreement or excuse for non-performance, and thus, has failed to plead a viable claim for relief.

## 4. THE FDCPA CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

## A. The Court Lacks Jurisdiction Over The FDCPA Claim.

In support of her FDCPA claim, plaintiff alleges that Wells Fargo violated 15 U.S.C.

---

[2]  That plaintiff's property is located in New Jersey is no impediment to enforcement of the forum selection clause. Judge Fogel has already ruled on a motion to enforce the Settlement Agreement filed by another New Jersey borrower, Frank Natale. *See, e.g*., *In re Wachovia Corp.,* 2013 U.S. Dist. LEXIS 137901 at *21-23.

§ 1692e "by making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay $20,000 to receive a loan modification offer *even though the Settlement Agreement had no provision requiring such payment*." Comp., ¶ 49 (emphasis added).

Whether the Settlement Agreement allows or disallows such a demand would require the Court to "interpret and enforce the terms, conditions, and obligations" of the Settlement Agreement, and thus, falls squarely into the clause granting "exclusive and continuing jurisdiction" to the court presiding over the Class Action. Ex. A to Comp. (Settlement Agreement), § XIV.B at 55. Accordingly, the FDCPA claim, to the extent it is premised on an alleged violation of the Settlement Agreement, must be dismissed with prejudice. *Murphy,* 2013 U.S. Dist. LEXIS 118410 at *31-32; *Gonzalez,* 2012 U.S. Dist. LEXIS 118355 at *7.

**B.     Wells Fargo Is Not A "Debt Collector" Within The Meaning Of The Act.**

"The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector from engaging in abusive conduct in connection with collecting a debt." *Lyons v. Bank of Am., NA*, 2011 U.S. Dist. LEXIS 90499, *32 (N.D. Cal. Aug. 15, 2011) (citing 5 U.S.C. § 1692d). "A debt collector is defined as: any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. (*citing* 15 U.S.C. § 1692a(6)). However, the definition of "debt collector" "does not encompass creditors who are collecting their own past due accounts." *Id*. at *34 (*citing Brooks v. Citibank (South Dakota)*, N.A., 345 Fed. Appx. 260, 262 (9th Cir. 2009)). Thus, a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Zhuravlev v. BAC Home Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 73874, *5 (N.D. Cal. July 20, 2010).

Multiple courts have held that Wells Fargo is not a "debt collector" when it attempts to collect a loan originated by World Savings. In *Gens v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 49709, 22-23 (N.D. Cal. May 10, 2011), *aff'd* 2013 U.S. App. LEXIS 110 (9th Cir. Cal.,

Jan. 3, 2013), the plaintiff (a World Savings borrower), alleged that Wachovia was a "debt collector" under the FDCPA. Relying on the same OTS letter that is presented here, the court rejected the plaintiff' argument and dismissed the claim with prejudice. "As the loan was not transferred to another party (the lender simply changed its name from World Savings to Wachovia), Defendants correctly argue that they are not 'debt collectors' within the meaning of the FDCPA because they are attempting to collect their own debt." *Id.*; *see also Vann v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 72760 (N.D. Cal. May 24, 2012) ("The seventeenth (FDCPA and RFDCPA) cause of action is dismissed because Wells Fargo is not a 'debt collector'" with respect to a loan originated by World Savings)' *Gallegos v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 87173, *11-12 (E.D. Cal. June 18, 2013) ("the term 'debt collector' under the FDCPA does not include creditors, mortgage beneficiaries and servicers, or assignees of a debt;" "Because Wells Fargo owns the loan through the above described name changes and mergers [from World to Wachovia to Wells Fargo], it is a creditor/originator of Gallegos's debt and is not a 'debt collector.'").

Here, judicially noticeable documents establish that the originating lender was World Savings, that World Savings was merged into Wachovia, and Wachovia's name was changed to Wells Fargo. RJN, Exs. 3-5. Wells Fargo is the owner of plaintiff's loan obligation, and thus, is attempting to collect its own debt. It was not a "debt collector" within the meaning of the FDCPA, and thus, plaintiff has failed to state a claim under FDCPA.

Furthermore, plaintiff cannot establish that her loan was in default when Wells Fargo succeeded to World Savings' interest in her loan in 2009. She admits in paragraph 26 of her complaint that it was not until 2011 that she "ceased being able to pay her mortgage loan . . . ."

Because Wells Fargo is collecting its own debt, it is not a "debt collector," and the FDCPA claim should be dismissed without leave to amend.

**C.    Plaintiff Has Failed To Allege With Sufficient Particularity A FDCPA Violation Based On A "False, Deceptive, Or Misleading Statement."**

Plaintiff alleges that Wells Fargo violated 15 U.S.C. § 1692e "by making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay $20,000 to receive a loan

1 modification offer even though the Settlement Agreement had no provision requiring such
2 payment." Comp., ¶ 49.

3   Claims alleging that a defendant violated the FDCPA by the use of false or misleading
4 misrepresentations or deceptive means are subject to Fed. R. Civ. P. 9's heightened standards for
5 pleading fraud. *Crittenden v. HomEq Servicing*, 2009 U.S. Dist. LEXIS 95009, *17-23 (E.D.
6 Cal. Sept. 28, 2009) (dismissing, without leave to amend, claim asserting FDCPA violation
7 where "[t]he FAC makes no effort to allege specific misrepresentations or names of the persons
8 who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,
9 what they said or wrote, and when it was said or written.").

10   Here, plaintiff has only alleged that, "*at one point*, the *Defendants' representative*
11 conditioned the Plaintiff's receiving a loan modification upon the Plaintiff making a $20,000
12 payment to the Defendant." *Id.*, ¶ 34 (emphasis added). She does not provide a date or time, the
13 name of the "representative," or whether the statement was verbal or in writing. Because
14 plaintiff has fallen well short of pleading false, deceptive, or misleading statements with requisite
15 particularity, the FDCPA claim should be dismissed.

16 **5.   CONCLUSION.**

17   For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice.

18

19 Date: April 29, 2014          ANGLIN, FLEWELLING, RASMUSSEN
                                 CAMPBELL & TRYTTEN LLP
20

21
                               By:  */s/ Leigh O. Curran*
22                                  Leigh O. Curran
                               Attorneys for Defendants WELLS FARGO
23                             BANK, N.A., successor by merger with Wells
                               Fargo Bank Southwest, N.A. f/k/a Wachovia
24                             Mortgage, FSB. f/k/a World Savings Bank, FSB

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Andy Winchell
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey  07901

Telephone No.: (973) 457-4710
*Email: andy@winchlaw.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on April 29, 2014.

| Kimberly Wooten | */s/ Kimberly Wooten* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |