Andy Winchell (SBN 185252)
andy@winchlaw.com
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey 07901
Telephone No. (973) 457-4710

Attorney for Plaintiff Carol A. Fiorilli

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carol A. Fiorilli, | Case No.: 14-cv-00557 |
| Plaintiff, | **OPPOSITION TO MOTION TO DISMISS COMPLAINT** |
| vs. | |
| Wells Fargo Bank, N.A., | |
| Defendant | |

**PRELIMINARY STATEMENT**

The Plaintiff herein, Carol A. Fiorilli (hereinafter the "Plaintiff"), respectfully opposes the motion (the "Motion") of the Defendant Wells Fargo Bank, N.A. (the "Defendant"), to dismiss the complaint (the "Complaint") that commenced this action.

The Motion seeks to dismiss the Plaintiff's breach of contract claim on: (a) a basis that was both incorrect as a matter of fact and also already has been rejected by Judge Seeborg; and (b) a basis that is contradicted by the terms of the contract itself. The Motion also seeks to dismiss the Plaintiff's claim under the Fair Debt Collection Practices Act (the "FDCPA") based upon: (a) a factual supposition that has not been

1

tested in discovery; and (b) a heightened pleading standard that does not apply to cases under the FDCPA.

### A.   The Complaint States A Claim For Breach Of Contract.

As described in the Complaint, the Plaintiff alleges that the Defendant breached a class action settlement agreement (the "Settlement" Agreement") to which the Defendant was a party and of which the Plaintiff was a member of the class. The Defendant requests that the Court dismiss this claim <u>with prejudice</u> on two grounds, neither of which has any merit.

First, the Defendant believes that the Plaintiff should have filed her Complaint in the Court that retained jurisdiction to hear matters related to the Settlement Agreement, the United States District Court for the Northern District of California. The Plaintiff is quite confused why the Defendant thinks that the claim should be dismissed when the Plaintiff filed the case exactly where the Defendant says the Plaintiff should have. The Plaintiff does not control to which judge cases are assigned. The Plaintiff even stipulated that this case is related to the pending reopening of the case resolved. <u>See</u> Docket Entry 24. In any event, Judge Seeborg rejected this basis to affiliate the two cases. <u>See</u> Docket Entry 25.

Second, the Defendant believes that the Plaintiff should have alleged that she did not breach the Settlement Agreement. The Plaintiff does not see a provision of the Settlement Agreement that imposes any legal duties on the class members. If the Defendant believes that the Plaintiff could breach the Settlement Agreement and the Court believes that amending the Complaint is necessary to establish that the Plaintiff did not breach the Settlement Agreement, the Plaintiff is happy to amend accordingly.

### B.   The Complaint States A Claim For Violation Of The FDCPA.

The FDCPA's definition of "debt collector" means an entity that regularly "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another." Thus the Plaintiff alleged that the Defendant is a "debt collector" for the purposes of the FDCPA. See Complaint, paragraph 46. The Plaintiff also alleged that the Defendant "is not the original creditor with respect to" the Plaintiff's mortgage loan. Although the Defendant apparently acquired the originator of the Plaintiff's mortgage loan as a subsidiary, the Plaintiff does not know for certain who owns her mortgage loan. The originator might have sold it before being acquired or perhaps the Defendant sold it thereafter. If the Defendant in fact acquired the Plaintiff's mortgage loan through merger before such mortgage loan were in default, the Defendant might have a defense to the Plaintiff's claim pursuant to the FDCPA. But that fact cannot be determined until discovery establishes the ownership chain of the Plaintiff's mortgage loan.

Further, the Defendant's assertion that the heightened pleading standard contained in Rule 9 of the Federal Rule of Civil Procedure applies to actions under the FDCPA is completely unsupported by relevant decisional authority. All of the reported decisions that the Plaintiff's research located applied the usual pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Although there does not appear to be a controlling case within the Ninth Circuit, the other circuit-level decisions that the Plaintiff located applied the Rule 8 standard. See e.g., Burnett v. Mortgage Electronic Registrations Systems, Inc., 706 F.3d 1231 (10th Cir. 2013) (applying the pleading standards of Fed. R. Civ. P. 8 to an FDCPA complaint with respect to a mortgage loan); Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355 (6th Cir. 2012) (also applying the pleading standards of Fed. R. Civ. P. 8 to an FDCPA complaint with respect to a mortgage loan). The only case that the Defendant cites, Crittenden v. HomeEq. Servicing, 2009 U.S. Dist. LEXIS 95009, (E.D. Cal 2009), applied Rule 9 pleading standard to the fraud claim brought under state law, not to the FDCPA claims.

> F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court 4 will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must

be stated with particularity is a federally imposed rule." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9 Cir. 2003) (quoting Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

Crittenden, n. 4. Thus, there is no authority to suggest that allegations must satisfy a heightened pleading standard to state a claim under the FDCPA.

**C.    Conclusion**

The Plaintiff respectfully requests that the Court deny the Motion in its entirety. To the extent that the Court is inclined to grant the Motion, the Plaintiff requests leave to amend her Complaint.

Dated this the 13th day of May, 2014.

/s/ Andy Winchell
Andy Winchell (SBN 185252)
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Summit, New Jersey; my business address is Law Offices of Andy Winchell, P.C., 45 River Road, Summit, New Jersey 07901.

On the date below, I served a copy of the foregoing document entitled:

**OPPOSITION TO MOTION TO DISMISS COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Defendant*

Leigh O. Curran
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP,
199 S. Los Robles Avenue, Suite 600
Pasadena, California  91101-2459.

**Served By Means Other Than Electronically Via the Court's CM/ECF System:**

*Counsel for Defendant*

Leigh O. Curran
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP,
199 S. Los Robles Avenue, Suite 600
Pasadena, California  91101-2459.
Email: lcurran@afrct.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Summit, New Jersey on May 13, 2014.

| Katharine E. Bryson | /s/ Katharine E. Bryson |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |