Leigh O. Curran (# 173322)
 lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI,,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendants. | CASE NO.: 4:14-CV-00557-DMR<br>[The Honorable Donna M. Ryu]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:　　June 26, 2014<br>Time:　　11:00 a.m.<br>Ctrm:　　4, 3rd Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. THIS COURT LACKS JURIDICTION OVER THE FIRST CLAIM FOR RELIEF ALLEGING A BREACH OF THE SETTLEMENT AGREEMENT.

The class action Settlement Agreement provided that "the Court" "shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement." Ex. A to Comp. (Settlement Agreement), § XIV.B at 55.  Plaintiff erroneously argues that "the Court" means the Northern District of California, without regard to a particular judge.  Mot. at 2:9-11.

Plaintiff ignores the contractual definition of "the Court:"  which is "the United States District Court for the Northern District of California, the Honorable Jeremy F. Fogel, currently presiding, **or any other court that obtains competent jurisdiction of the Lawsuit.** *Id.*, § 1.15 at 15.  "Lawsuit" was defined to "mean[] the action styled *In re Wachovia Corp. 'Pick-a-Payment' Mortgage Marketing and Sales Practices Litigation*, Case No. M:09-CV-2015-JF, the Honorable Jeremy F. Fogel presiding." *Id.*, § 1.35 at 19.

Plaintiff cannot dispute that the "court that [has] obtain[ed] competent jurisdiction of the Lawsuit" is Judge Seeborg.  Indeed, as recently as May 8, 2014, Judge Seeborg issued an order granting in part and denying in part a motion to enforce the Settlement Agreement filed by the class representative, Dolores Mandrigues.  *See* 3:09-MD-02015-RS, Dkt. #634.

Plaintiff does not attempt to distinguish the opinions of other courts in this district that have enforced the exclusive jurisdiction provision of the Settlement Agreement—nor can she do so.  *Murphy v. Wells Fargo Home Mortgage*, 2013 U.S. Dist. LEXIS 118410, *31-32 (N.D. Cal. Aug. 19, 2013) (Illston, J.); *Gonzalez v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 118355 (N.D. Cal. Aug. 21, 2012) (Davila, J.).

Plaintiff argues that Judge Seeborg's order denying related case status requires this Court to retain jurisdiction over the case.  Mot. at 2.  She is wrong.  This was the precise posture of the *Murphy* case.  Class counsel filed an administrative motion to relate the *Murphy* case to *In re Wachovia*.  Judge Fogel declined to relate the cases.  *See* Case No.  5:09-md-02015-JF, Dkt.

#416 (2/1/13 order denying administrative motion to relate Case Nos. 5:09-md-02015-JF and 5:12-cv-06228-HRL). Judge Illston—to whom the *Murphy* case was assigned—nevertheless granted Wells Fargo's motion to dismiss and dismissed the *Murphy* complaint with prejudice. *Murphy*, 2013 U.S. Dist. LEXIS 118410 at *31-32 (the Settlement Agreement "does not grant the parties an unlimited right to bring entirely new dispute actions, as plaintiffs now propose to do. Instead, the parties agreed to limit their access to judicial review of contract adherence to the original action.").

Plaintiff will suffer no prejudice whatsoever if this Court dismisses her complaint with prejudice. She will merely have to file a motion to enforce the Settlement Agreement in *In re Wachovia*—just as other class members have done. Requiring her to do so would avoid piecemeal litigation, avoid conflicting rulings, and would serve the interests of judicial economy.

## 2.   PLAINTIFF HAS NOT STATED A CAUSE OF ACTION FOR BREACH OF CONTRACT.

Plaintiff concedes that she has not alleged an essential element of a breach of contract cause of action—her performance or excuse for non-performance. She appears to be arguing that she was relieved of having to plead this element because Wells Fargo has not identified any duties in the contract for her to have performed. Plaintiff has offered not a single case citation to suggest that she is relieved of having to plead an essential element of a cause of action. To the contrary, the failure to plead either performance or excuse for non-performance is grounds for dismissal under Rule 12(b)(6). *See, e.g.*, *Gardner v. RSM&A Foreclosure Servs.*, LLC, 2013 U.S. Dist. LEXIS 37263, 7-9 (E.D. Cal. Mar. 15, 2013) ("Defendant correctly argues that Plaintiff's breach of contract claim must also fail because Plaintiff failed to plead two essential elements of the cause of action: his own performance under the contract and damages") (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In fact, the Settlement Agreement *did* impose duties on class members who sought to participate in the loan modification program. For example, such a class member was required to submit a request for a loan modification and income documentation to show her eligibility for a modification. Settlement Agreement, § VI.E.2 at 36 (modification process "shall commence

upon receipt of the documents described in Section VI(E)(7) . . . .); *id.*, § VI(E)(7) (Wells Fargo may require "one (1) year's income tax return" and "documentary evidence of the Settlement Class Member's current income."). It is entirely logical to require a class member to affirmatively allege that she fully complied with these requirements when she is accusing Wells Fargo of failing to properly process a loan modification application. If a class member did not submit the documentation that is necessary for the bank to underwrite a modification request, she can hardly contend that there was something wrong with the way the bank processed the request.

**3.  THE COURT LACKS JURISDICTION OVER THE FDCPA CLAIM TO THE EXTENT IT IS PREDICATED ON DUTIES IMPOSED BY THE SETTLEMENT AGREEMENT.**

Plaintiff does not dispute that at least part of her FDCPA claim is based on her allegation that Wells Fargo allegedly insisted on her payment of amounts that were not permitted by the Settlement Agreement. Comp., ¶ 49. This claim stands or falls with the application of the exclusive jurisdiction provision of the Settlement Agreement, *supra*. Because this Court lacks jurisdiction over the Settlement Agreement, it also lacks jurisdiction over this portion of the FDCPA claim.

**4.  WELLS FARGO IS NOT A "DEBT COLLECTOR" WITHIN THE MEANING OF THE ACT.**

Numerous courts have held that Wells Fargo Bank, N.A. is not acting as a "debt collector" under the FDCPA when it is seeking repayment of loans originated by World Savings Bank, FSB. Plaintiff does not address any of these cases. Instead, to salvage the claim, plaintiff makes two arguments, neither of which have merit.

First, plaintiff argues that she has "alleged that Defendant is a 'debt collector' for the purposes of the FDCPA." Opp. at 3. However, this Court need not accept that allegation as true. As stated by the Ninth Circuit:

> "We accept as true all well-pleaded allegations of material fact" but are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

*Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir.

2013) (*quoting Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff's naked allegation that Wells Fargo is a "debt collector" is "merely conclusory." The documents attached to the Request for Judicial notice establish that, World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007, that effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A. and merged with and into Wells Fargo Bank, N.A. Based on these judicially noticeable documents, the Court may conclude—on a Rule 12(b)(6) motion—that Wells Fargo was not a "debt collector" under the FDCPA when it engaged in collection activity with respect to plaintiff's World Savings loan. *See Casas v. Wells Fargo Bank N.A.*, 2012 U.S. Dist. LEXIS 165995 (N.D. Cal. Nov. 20, 2012) ("As World Savings Bank, FSB's successor-in-interest, Defendant [Wells Fargo Bank, N.A.] acted as Plaintiff's creditor. Therefore, Defendant cannot be considered a 'debt collector' under the FDCPA;" dismissing FDCPA claim without leave to amend on Rule 12(b)(6) motion).

Second, plaintiff points to her conclusory allegation that "'Defendant is not the original creditor with respect to'" her mortgage loan, argues that she "does not know for certain who owns her mortgage loan," and argues that Wells Fargo's claim of ownership "cannot be determined until discovery establishes the ownership chain of the Plaintiff's mortgage loan." Mot. at 3. These allegations are based on rank speculation.

In *Terrazas v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 153046, 19-24 (S.D. Cal. Oct. 23, 2013), the plaintiffs, in their FDCPA claim, alleged that Wells Fargo was acting as a "debt collector" with respect to their World Savings-originated loan because World Savings supposedly had sold the loan to some other entity. *Id.* at *20-21. Their "information and belief" was based upon a title report any analysis of county property records, communication with defendants, counsel's research, experience, and extensive review of depositions, case law, amicus briefs, correspondence, news articles, reports, and publicly available securitization documents and practices, review of foreclosure-related documents, and SEC filings.

The *Terrazas* court concluded that the plaintiffs' allegations did not raise a plausible claim that Wells Fargo did not own the loan. *Id.* at *22.

> Plaintiffs' claims that their mortgage was sold to an unknown entity, and not transferred to Wells Fargo or a trust for which Wells Fargo acts as trustee, lack the necessary factual support. Plaintiffs do not make any factual allegations, plausible or otherwise, that affirmatively support its contention that a transfer to another entity did occur. For instance, there is no allegation that any documents or statements by Wells Fargo employees support the existence of the sale. Alleged instances of misconduct regarding foreclosures in other cases may generally make misconduct by Wells Fargo more plausible, but they do not provide any support for an alleged sale or misconduct in the case of Plaintiff's home. [Citation]. Plaintiffs' provide no basis for this court to conclude that the alleged sale is anything but speculation on the part of the Plaintiffs.

*Id*. at *22-23.

Plaintiff's contention that World Savings sold or transferred her loan to an unnamed entity is based on rank speculation and nothing more. Conspicuously, plaintiff does not describe, in her opposition brief, any facts at all that suggest that such a transfer occurred. This Court should follow *Gens v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 49709 (N.D. Cal. May 10, 2011), which is on all fours with this case: "As the loan was not transferred to another party (the lender simply changed its name from World Savings to Wachovia), Defendants correctly argue that they are not 'debt collectors' within the meaning of the FDCPA because they are attempting to collect their own debt." *Id*. at 23 (concluding that "because Plaintiff cannot cure the defect by amending her pleading, this claim is dismissed with prejudice").

## 5. PLAINTIFF HAS FAILED TO ALLEGE WITH SUFFICIENT PARTICULARITY A FDCPA VIOLATION BASED ON A "FALSE, DECEPTIVE, OR MISLEADING STATEMENT."

Plaintiff does not dispute that her vague allegations of a misrepresentation by Wells Fargo are insufficient to meet the heightened pleading standard for fraud required by Fed. R. Civ. P. 9(b). She only argues that Rule 9(b) does not apply to FDCPA claims. But courts in this circuit have held that it does. *Heflebower v. JPMorgan Chase Bank, NA,* 2014 U.S. Dist. LEXIS 29777, 29-30 (E.D. Cal. Mar. 3, 2014) ("The SAC also greatly falls short of the heightened pleading standard [of Rule 9(b)] to the alleged violations of the FDCPA"); *Bank of N.Y. Mellon v. Sakala*, 2012 U.S. Dist. LEXIS 57343 (D. Haw. Apr. 24, 2012) ("insofar as this [FDCPA] claim sounds in fraud, it is subject to the heightened pleading requirements of Rule 9"); *see also*, *Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 84240 (C.D. Cal. Feb. 22, 2013)

("Because allegations of false or misleading representations under the [California] Rosenthal [Fair Debt Collections Practices] Act sound in fraud, such allegations must satisfy the heightened pleading requirements of Rule 9(b)").

Rule 9(b)'s heightened pleading requirement for fraud-based claims "attempt[] to protect defendants from the harm that may come to their reputations or to their goodwill when they are charged with wrongdoing: 'It has been said that the requirement is necessary to safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude.'" *Macchiavelli v. Shearson, Hammill & Co.*, 384 F. Supp. 21, 28 (E.D. Cal. 1974) (*quoting* 5 Wright and Miller, Fed. Prac. and Proc. Civil § 1296 (1969)), *disapproved on unrelated grounds in Fisher v. A.G. Becker Paribas Incorp.,* 791 F.2d 691 (9th Cir. 1986). Here, plaintiff has alleged that Wells Fargo did not assign her a primary point of contact, that the allegedly "false, deceptive, and/or misleading statements" were "numerous." Comp., ¶ 33. Wells Fargo is a large organization and cannot meaningfully refute the serious charge against it unless plaintiff alleges that date of the statements, provides the name of the "representative" who made them, and describe exactly what was said.

## 6. CONCLUSION.

For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice.

Date: May 20, , 2014                ANGLIN, FLEWELLING, RASMUSSEN
                                    CAMPBELL & TRYTTEN LLP


By:  _____*/s/ Leigh O. Curran*_____
     Leigh O. Curran
Attorneys for Defendants WELLS FARGO
BANK, N.A., successor by merger with Wells
Fargo Bank Southwest, N.A. f/k/a Wachovia
Mortgage, FSB. f/k/a World Savings Bank, FSB

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S <u>REPLY</u> IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Andy Winchell
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey  07901

Telephone No.:  (973) 457-4710
Email:  andy@winchlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on May 20, 2014.

| Kimberly Wooten | */s/ Kimberly Wooten* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |