IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C-14-CV-00557 (DMR)<br><br>**ORDER GRANTING MOTION TO DISMISS [DOCKET NO. 13]** |

Defendant Wells Fargo Bank, N.A. ("Defendant") moves the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 13.] The court held a hearing on the motion on July 31, 2014. For the reasons stated below and at the hearing, Defendant's motion to dismiss is **granted.**

## I. INTRODUCTION

**A. The Class Action**

In *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*, No. 5:09-md-02015 (the "Class Action"), the plaintiffs attacked the defendants' "Pick-A-Payment" mortgage loans, which allowed borrowers to choose a minimum payment for their loan and to make those payments for a limited amount of time and subject to specific terms. The plaintiffs alleged that through the Pick-A-Payment scheme the defendants (1) violated the Truth in Lending Act, 15 U.S.C. § 1601, (2) violated the California Business and Professions Code § 17200, (3) committed breach of an implied covenant of good faith and fair dealing, and (4) committed

fraud. Compl. [Docket No. 1] ¶ 12. Ultimately, the parties to the Class Action entered into a written class action settlement agreement ("MDL-SA"). The MDL-SA contains a jurisdictional clause to govern future disputes between the parties:

> [The MDL-SA] [p]reserve[s] the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including the Defendants and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment . . . .

Compl. Ex. A (MDL-SA), Section XV(D)(6). The MDL-SA defined "the Court" as the "United States District Court for the Northern District of California, the Honorable Jeremy F. Fogel . . . or any other court that obtains competent jurisdiction of the Lawsuit." MDL-SA § I(1.15). At the time of the settlement, the judge presiding over the case was Judge Fogel; subsequently, the case was reassigned to Judge Seeborg.

The MDL-SA created three classes of members: (1) borrowers who did not possess Pick-A-Payment loans anymore, (2) borrowers who continued to hold their loan and were not in default with their loan, and (3) borrowers who still held their loans but were in default. *In re Wachovia Corp. "Pick-A-Payment*,*"* No. 5:09-md-02015-JF, 2011 WL 1877630 at *1 (N.D. Cal. May 17, 2011). The MDL-SA also listed requirements for the defendants to follow in considering the plaintiffs' loan modification applications. MDL-SA § VI. For example, the defendants had to evaluate the applications under one or both of the two types of loan modification programs available, the Home Affordable Modification Program or the Mortgage Assistance Program 2, which applied different evaluation standards. MDL-SA § VI(E)(1). Moreover, in evaluating applications under the Mortgage Assistance Program 2, the defendants were to use lower evaluation standards (a so-called "waterfall" analysis) in order to benefit the plaintiffs in the application process. MDL-SA § VI(E)(5). The defendants were also required to provide an adequately staffed help line, a primary point of contact for each Class, notification to applicants of missing documents within ten days, a written explanation of an application denial within thirty days, and a "second-look and escalation" protocol or review process for modification applications. MDL-SA § VI(E)(8)(a)-(e).

**B. The Instant Case**

On May 31, 2007, Plaintiff Carol Fiorilli refinanced her New Jersey home and executed a

2

1 Pick-A-Payment loan through World Savings Bank, FSB ("World Savings"). Compl. ¶ 9. A year
2 later, Defendant acquired World Savings as a subsidiary and changed its name to Wachovia
3 Mortgage, FSB which then became Wells Fargo. Request for Judicial Notice ("RJN") [Docket No.
4 14][1], Ex. 4 (Official Certification of the Comptroller of the Currency "stating that Wachovia
5 Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged into Wells
6 Fargo Bank, N.A.") and Ex. 5 (Federal Deposit Insurance Corp. printout of Wachovia Mortgage,
7 FSB's history).

8 In 2011, Plaintiff stopped paying her mortgage loan. Compl. ¶¶ 27-28. She also applied for
9 a loan modification from Defendant multiple times. Compl. ¶¶ 27-28. Plaintiff alleges that she is a
10 class member of the Class Action, such that she and Defendant are subject to the MDL-SA. Compl.
11 ¶ 13, 15. Plaintiff claims that Defendant failed to follow the MDL-SA in (1) not staffing the help
12 line adequately, (2) inconsistently assigning primary points of contact, (3) not issuing written
13 notifications, and (4) denying her application without evidence that Defendant applied a "financial
14 waterfall" analysis. Compl. ¶¶ 29-35. In addition, Defendant made false, deceptive, and/or
15 misleading statements in phone conversations with Plaintiff, such as requiring a $20,000 payment
16 from Plaintiff for the loan modification. Compl. ¶¶ 33-34.

17 On February 6, 2014, Plaintiff filed the instant lawsuit against Defendant, bringing two
18 claims: (1) breach of the MDL-SA and (2) violation of the Fair Debt Collection Practices Act
19 ("FDCPA") 15 U.S.C. § 1692e in the assessment of her loan modification application. Compl. ¶ 25.

**C. Judge Seeborg's Case Relation Order**

21 On May 1, 2014, the parties stipulated to relate this case to the Class Action. [Docket No.

---

[1] "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court grants Wells Fargo's unopposed request for judicial notice of Exhibit 2 (Mortgage dated May 31, 2007 and recorded on Jun. 26, 2007) because it is a true and correct copy of the official public record of the Somerset County Recorder's Office. The court likewise grants Wells Fargo's unopposed request for judicial notice for Exhibits 3, 4, and 5, which are also official public records of correspondence from the Office of Thrift Supervision, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, respectively. The authenticity of each of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

24.] Judge Seeborg denied the stipulation, finding that there could be a "nexus" between Plaintiff Fiorilli's claims and those of the Class Action but "it [wa]s not clear at th[at] juncture whether Fiorilli's claims [we]re limited to enforcement of the settlement or whether she [wa]s asserting independent grounds for relief." Order [Docket No. 25]. Judge Seeborg noted that the presiding judge should determine whether "any or all of the claims cannot be brought independently and should therefore be dismissed and brought as a motion for relief" in the Class Action. *Id.*

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court "accept[s] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

## III. DISCUSSION

Defendant now moves to dismiss the complaint for failure to state a claim and for lack of jurisdiction pursuant to the MDL-SA. Motion to Dismiss ("Mot.") [Docket No. 13] 12.

### A. Breach of Settlement Agreement

Plaintiff's claim for breach of the MDL-SA unambiguously seeks to enforce the terms of the Settlement Agreement. As such, it falls squarely within the exclusive jurisdiction of the court presiding over the Class Action. Prior courts have considered claims brought by class members in

4

independent lawsuits, and have declined to exercise jurisdiction over those claims to the extent they fall within the MDL-SA's jurisdictional clause. For example, in *Murphy v. Wells Fargo Home Mortgage*, No. C 12-6228 SI, No. C 13-0999 SI, No. C 13-1407, 2013 WL 4482671 at *1 (N.D. Cal. Aug. 19, 2013), both the plaintiffs and the defendants were parties to the Class Action and subject to the MDL-SA. The plaintiffs alleged that the defendants committed specific "impropriet[ies] in the administration of the MDL-SA's loan modification program," and brought claims for breach of the MDL-SA. *Id.* at 2. Similar to this case, the *Murphy* plaintiffs sought to have the cases related to the Class Action, but Judge Fogel declined to relate the cases. *Id.* at 2. Nonetheless, Judge Illston granted Defendants' motion to dismiss without leave to amend because, among other reasons, the jurisdictional clause provided "an exclusive mechanism for the resolution of disputes—a proceeding in the *original* action." *Id.* at 9. *See also Gonzalez v. Wells Fargo Bank*, No. 5:12-cv-03842 EJD, 2012 WL 3627820 at *3 (N.D. Cal. Aug. 21, 2012) (finding that plaintiff improperly brought separate action to enforce same MDL-SA at issue in instant case because judge presiding over Class Action "retained continuing jurisdiction to enforce and interpret the settlement agreement" pursuant to the jurisdictional clause).

As in *Murphy* and *Gonzalez*, Plaintiff and Defendant are parties to the settlement and subject to the jurisdictional clause in the MDL-SA. For this reason, Plaintiff's claim for breach of the Settlement Agreement is improper. The claim is dismissed, but may be brought as a motion for relief in the Class Action.

**B. FDCPA**

Plaintiff also brings a claim under the FDCPA, 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This claim requires Plaintiff to show that Defendant is a "debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). Defendant argues that it does not qualify as a "debt collector." In the alternative, Defendant argues that the FDCPA claim fails because it falls within the jurisdictional clause of the MDL-SA, and because Plaintiff has failed to plead her claim with the specificity required for fraud claims pursuant to Federal Rule of Civil Procedure 9.

5

### 1. Whether Defendant is a "Debt Collector"

The FDCPA defines a "debt collector" as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C. § 1692a(6) (emphasis added).

Plaintiff simply alleges that Defendant is a "debt collector" under the FDCPA. Compl. ¶ 46. This conclusory assertion is insufficient because Plaintiff must plead the "factual content" necessary to support a reasonable inference that Defendant is a "debt collector." *See Schlegel*, 720 F.3d at 1208-9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *O'Connor v. Capital One, N.A.*, No.: CV 14- 00177- KAW, 2014 WL 2215965 at *5 (N.D. Cal. May 29, 2014) (finding plaintiff's allegation that defendant was "debt collector" under FDCPA was insufficient because allegation was conclusory and lacked factual support).

Creditors collecting on their own past due accounts are not "debt collectors." *See, e.g.*, *Schlegel*, 720 F.3d at 1289 (finding Defendant Wells Fargo was not a "debt collector" under §1692e because Defendant's collection efforts only related to debts acquired through assignment and thus owed to itself). For example, in *Lyons v. Bank of America, NA*, No. 11-01232 CW, 2011 WL 3607608 at *1, 12 (N.D. Cal. Aug. 15, 2011), the plaintiffs brought various claims, including a claim for violation of the FDCPA, against the defendant bank that acquired the plaintiffs' loan from the original lender. The court found that the bank was not a "debt collector" under the Act because the FDCPA "does not encompass creditors who are collecting their own past due accounts," and dismissed the claim without leave to amend on the basis of futility. *Id.* at 13. Here, as in *Lyons*, 'the factual allegations and judicially noticeable evidence demonstrates that Defendant is a creditor collecting on its own accounts" even though it did not originate Plaintiff's debt but rather came to own it through an acquisition of World Savings. As such, Defendant is not a "debt collector" under the FDCPA. *See also Casas v. Wells Fargo N.A.*, No. 5:12- CV-01742-EJD, 2012 WL 5877641 at *4 (N.D. Cal. Nov. 20, 2012) (finding Defendant Wells Fargo was World Savings' "successor-in-interest" and as such could not be a debt collector under FDCPA); *Gens v. Wachovia Mortgage Corp.*, No. 10-CV-01073-LHK, 2011 WL 1791601 at *8 (N.D. Cal. May 10, 2011) (stating that

change in lender's name from World Savings to Wachovia was not a transfer to another party that creates liability under FDCPA).

Because Plaintiff fails to plead sufficient factual support to allow the court to draw the reasonable inference that Defendant is a "debt collector," she has failed to state a claim for violation of § 1692e.[2]

### 2. This Court's Jurisdiction Over the FDCPA Claim

In addition, Defendant argues that this court lacks jurisdiction over the FDCPA claim because it requires the court to interpret the provisions of the MDL-SA, bringing it within the exclusive jurisdiction of the Class Action court. Plaintiff alleges that "Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay $20,000 to receive a loan modification offer *even though the Settlement Agreement had no provision requiring such payment*." Compl. ¶ 49 (emphasis added). From the face of this allegation, it is clear that the court would be required to construe the MDL-SA in order to determine whether Defendant violated the FDCPA, an act left to the exclusive jurisdiction of the Class Action court. *See* MDL-SA § XV(D)(6) ("[The MDL-SA] [p]reserve[s] the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including the Defendants and all Settlement Class Members, to administer, supervise, *construe* and enforce this Agreement . . . .").

Plaintiff also alleges that "Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of the debt that the Plaintiff owes." Compl. ¶ 51. However, this allegation appears to refer to the same theory for violation of the FDPCA as discussed above—namely, that Defendant's statement that Plaintiff was required to pay $20,000 to receive a loan modification even though the MDL-SA did not require such a payment violated the FDCPA. To the extent that Plaintiff believes any other conduct by Defendant violated the FDCPA, that conduct has not been sufficiently pled.

For the above-stated reasons, Plaintiff's FDCPA claim is dismissed. At oral argument,

---

[2] After the motion was fully briefed, Plaintiff filed an unsolicited sur-reply attaching additional evidence purporting to show that Wells Fargo is a debt collector. *See* Docket No. 28. These materials are not properly before the court. *See* Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval" except in circumstances inapplicable here).

7

Plaintiff proffered that she can amend the complaint to add factual support for her allegation that Wells Fargo is a "debt collector," as well as additional details regarding the conduct by Defendant that constitutes a violation of the FDCPA, and also falls outside the jurisdictional clause of the MDL-SA.  As the court must liberally allow leave to amend, and as it is not clear that amendment would be futile, the court grants leave to amend, but only to the extent that Plaintiff can cure these deficiencies in her amended complaint.[3]

### V.  Conclusion

For the reasons stated above, Defendant's motion to dismiss the breach of contract claim is **granted with prejudice.**  Defendant's motion to dismiss the FDCPA claim is granted, with leave to amend.  Plaintiff may file an amended complaint to address the deficiencies in her FDCPA claim by no later than **August 14, 2014.**

Dated:  August 7, 2014

DONNA M. RYU
United States Magistrate Judge

---

[3] Defendant offered an additional reason for dismissing the FDPCA claim: it failed to meet the heightened pleading standards for fraud claims.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106-07 (9th Cir. 2003) (court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b) by alleging "the who, what, when, where, and how" of the fraud).  No published case in the Ninth Circuit has applied Rule 9's heightened pleading standards to a claim for violation of Section 1692e of the FDPCA.  The few cases cited by Defendant are unpublished and are not from this district.  *See, e.g.*, *Heflebower v. JPMorgan Chase Bank, NA*, No. 12-CV-1671 AWI SMS, 2014 WL 897352 at *11 (E.D. Cal. Mar. 6, 2014) (applying Rule 9 pleading standard to Section 1692e claim).  The court declines to find that the Rule 9 standard applies to FDPCA claims.