Leigh O. Curran (#173322)
   lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel:  (626) 535-1900 | Fax:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage, FSB, f/k/a World
Savings Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI,,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendants. | CASE NO.: 4-CV-00557-DMR<br>[The Honorable Donna M. Ryu]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      October 9, 2014<br>Time:     11:00 a.m.<br>Ctrm:     4, 3rd Floor |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on October 9, 2014 at 11:00 a.m. in the above-referenced court located at 1301 Clay Street, Oakland, CA 94612, Courtroom 4, the Honorable Donna M. Ryu presiding, defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A. f/k/a Wachovia Mortgage FSB f/k/a World Savings Bank, FSB ("Wells Fargo"), will move to dismiss each claim for relief in the complaint.

The grounds for this motion to dismiss under Fed. R. Civ. P. 12(b)(6), which are more fully explained in the Memorandum of Points and Authorities, are:

**First Claim For Relief (Violation of the Fair Debt Collections Practices Act):**

1.      Plaintiff has failed to state a claim for relief against Wells Fargo because Wells

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Fargo is not a "debt collector" within the meaning of the Act.

2      2.    Plaintiff has failed to state a claim for relief against Wells Fargo because the

3    alleged statements were not made in connection with the collection of a debt.

4      3.    Plaintiff has failed to join a co-borrower who is a necessary and indispensable

5    party.  Fed. R. Civ. P. 12(b)(7).

6    **<u>Second Claim For Relief (Violation of Fair Debt Collection Practices Act).</u>**

7      1.    Plaintiff has failed to state a claim for relief against Wells Fargo because Wells

8    Fargo is not a "debt collector" within the meaning of the Act.

9      2.    Plaintiff has failed to state a claim for relief against Wells Fargo because the

10   alleged statements were not made in connection with the collection of a debt.

11     3.    The Court lacks jurisdiction over the dispute because it is predicated on purported

12   duties imposed by the class action settlement agreement.  The Honorable Richard

13   Seeborg has exclusive and continuing jurisdiction over all disputes arising out of

14   the agreement.

15     4.    Plaintiff has failed to join a co-borrower who is a necessary and indispensable

16   party.  Fed. R. Civ. P. 12(b)(7).

17   **<u>Third Claim For Relief (Violation of Fair Debt Collection Practices Act).</u>**

18     1.    Plaintiff has failed to state a claim for relief against Wells Fargo because Wells

19   Fargo is not a "debt collector" within the meaning of the Act.

20     2.    Plaintiff has failed to state a claim for relief against Wells Fargo because the

21   alleged statements were not made in connection with the collection of a debt.

22     3.    Plaintiff has not alleged a "false or misleading" statement.

23     4.    Plaintiff has failed to join a co-borrower who is a necessary and indispensable

24   party.  Fed. R. Civ. P. 12(b)(7).

25   **<u>Fourth Claim For Relief (Violation of Fair Debt Collection Practices Act).</u>**

26     1.    Plaintiff has failed to state a claim for relief against Wells Fargo because Wells

27   Fargo is not a "debt collector" within the meaning of the Act.

28     2.    Plaintiff has failed to join a co-borrower who is a necessary and indispensable

1    party.  Fed. R. Civ. P. 12(b)(7).

2        This motion will be based on this notice, the Memorandum of Points and Authorities, the

3    accompanying Request for Judicial Notice and exhibits thereto, the documents on file in this

4    action, the argument of counsel, and on such other information as the Court may deem

5    appropriate.

6

7                                        Respectfully submitted,

8    Date:  August 26, 2014              ANGLIN, FLEWELLING, RASMUSSEN
                                              CAMPBELL & TRYTTEN LLP
9

10

11                                       By:  _____/s/ Leigh O. Curran_____
                                                      Leigh O. Curran
12                                       Attorneys for Defendants WELLS FARGO
                                         BANK, N.A., successor by merger with Wells
13                                       Fargo Bank Southwest, N.A. f/k/a Wachovia
                                         Mortgage, FSB. f/k/a World Savings Bank, FSB
14                                       ("Wells Fargo")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**TABLE OF CONTENTS**

Page

2

3  MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................1

4  1.  INTRODUCTION. ...................................................................................................1

   2.  SUMMARY OF FACTS AND JUDICIALLY NOTICEABLE DOCUMENTS. ..............1

5      A.  Plaintiff's Mortgage Loan...........................................................................1

6      B.  The Multi-District Litigation And The Class Action Settlement
           Agreement........................................................................................................2

7      C.  The Court Grants Wells Fargo's Motion To Dismiss The Initial

8          Complaint........................................................................................................3

9  3.  STANDARD UNDER RULE 12(B)(6). ...................................................................4

   4.  THE COURT SHOULD DISMISS THE FIRST CLAIM FOR RELIEF
10     (VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692E WITHOUT LEAVE TO
       AMEND. ................................................................................................................5

11     A.  The Alleged "False, Deceptive, Or Misleading" Statements Were Not
           Made In Connection With "The Collection Of Any Debt." .............................6

12     B.  Wells Fargo Is Not A "Debt Collector.".........................................................6

13         i.  Plaintiff Has Not Alleged Factual Content Sufficient To Meet The
               First Definition Of "Debt Collector." .........................................................7

14         ii.  Plaintiff Has Not Alleged Factual Content Sufficient To Meet The
                Second Definition Of "Debt Collector.".....................................................7

15             (a)  Because Wells Fargo Was Exempted From The Definition
16                  Of "Debt Collector" Under Subsection (F)(ii), The Court
                    Need Not Consider Whether It Was Exempted Under
17                  Subsection (F)(iii). .......................................................................9

18             (b)  Wells Fargo Did Not "Obtain" Plaintiff's Loan While It
                    Was In Default. ...........................................................................10

19             (c)  Plaintiff's Allegations Concerning Securitization Of The
                    Loan Do Not Change The Analysis...............................................12

20  5.  THE COURT SHOULD DISMISS THE SECOND CLAIM FOR RELIEF
21     (VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692F) WITHOUT LEAVE TO
       AMEND. ................................................................................................................13

22     A.  Wells Fargo Is Not A "Debt Collector," And The Alleged Violations Were
           Not "In Connection With The Collection Of A Debt." ....................................14

23     B.  The Court Lacks Jurisdiction Over This Claim To The Extent It Seeks To
24         Enforce The MDL-SA. ..................................................................................14

25  6.  THE COURT SHOULD DISMISS THE THIRD CLAIM FOR RELIEF
       (VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692E(10)) WITHOUT LEAVE
       TO AMEND..........................................................................................................14

26     A.  Wells Fargo Is Not A "Debt Collector," And The Alleged Violations Were
           Not "In Connection With The Collection Of A Debt." ....................................15

27     B.  The Complained-Of Statements Cannot Possibly Constitute "False" Or
28         "Deceptive" Practices. ..................................................................................15

93000/HR1266/00932686-5

i

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

7.     THE COURT SHOULD DISMISS THE FOURTH CLAIM FOR RELIEF
       (VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692E(11)) WITHOUT LEAVE
       TO AMEND..........................................................................................................................16

8.     THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE TO JOIN
       PLAINTIFF'S HUSBAND AND CO-BORROWER AS AN INDISPENSABLE
       PARTY. ...............................................................................................................................17

9.     CONCLUSION....................................................................................................................18

CERTIFICATE OF SERVICE ...............................................................................................................1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)........................................................................4, 5, 6, 12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2005)..........................................................................5

*Bickoff v. Wells Fargo Bank, N.A.,*
  2012 U.S. Dist. LEXIS 118147, *8-9 (S.D. Cal. Aug. 20, 2012)........................................17

*Bridge v. Ocwen Fed. Bank, FSB,*
  681 F.3d 355 (6th Cir. Ohio 2012) ................................................................8

*Brown v. Morris,*
  243 Fed. Appx. 31 (5th Cir. Miss. 2007) ....................................................10, 11

*Choyce v. SF Bay Area Indep. Media Ctr.,*
  2014 U.S. Dist. LEXIS 75345, *12 (N.D. Cal. June 2, 2014) ............................................12

*CP Nat'l Corp. v. Bonneville Power Admin.,*
  928 F.2d 905 (9th Cir. 1991) ................................................................18

*Davis v. Wells Fargo Bank, N.A.,*
  976 F. Supp. 2d 870 (S.D. Tex. 2013) ................................................................11

*Donohue v. Quick Collect, Inc.,*
  592 F.3d 1027 (9th Cir. 2010) ..............................................................5, 15

*Dues v. Capital One, NA,*
  2011 U.S. Dist. LEXIS 96435, *9-12 ( E.D. Mich. Aug. 8, 2011)....................................11

*Fiorilli v. Wells Fargo Bank, N.A.,*
  2014 U.S. Dist. LEXIS 110017, *1-4, 12-14 (N.D. Cal. Aug. 7, 2014)...................... passim

*Gonzales & Gonzales Bonds & Ins. Agency v. United States Dep't of Homeland
  Sec.,*
  2012 U.S. Dist. LEXIS 69345, *14 (N.D. Cal. May 17, 2012) ............................................5

*Gross v. Wells Fargo Bank,*
  2014 U.S. Dist. LEXIS 7293, *6-7 (C.D. Cal. Jan. 21, 2014)..................................9, 10, 11

*Hafiz v. Greenpoint Mortgage Funding, Inc.,*
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) ................................................................13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*In re Wachovia Corp.*,
  No. 5:09-md-02015-JF, 2011 U.S. Dist. LEXIS 55351
  (N.D. Cal. May 17, 2011) .......................................................................3

*Jalili v. Far East Nat'l Bank*,
  2013 U.S. Dist. LEXIS 62546 (N.D. Cal. May 1, 2013) ........................5

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) ..................................................................5

*Logvinov v. Wells Fargo Bank*,
  2011 U.S. Dist. LEXIS 141988, *6-8 (N.D. Cal. Dec. 9, 2011)....................12, 13

*Perry v. Stewart Title Co.*,
  756 F.2d 1197 (5th Cir. 1985) ..............................................................10

*Pugh v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 149791, *6-8 (E.D. Cal. Oct. 17, 2013)...................11, 12

*Ramirez v. Manpower, Inc.*,
  2014 U.S. Dist. LEXIS 4072 (N.D. Cal. Jan. 10, 2014) ..........................5

*Ramsey v. Bomin Testing, Inc.*,
  68 F.R.D. 335 (W.D. Okla. 1975) .........................................................17

*Reyes v. GMAC Mortgage LLC*,
  2011 U.S. Dist. LEXIS 40953, *9 (D. Nev. Apr. 5, 2011) ....................13

*Satre v. Wells Fargo Bank, N.A.*,
  2013 U.S. Dist. LEXIS 157119, *4-5, 11-12 (N.D. Cal. Nov. 1, 2013)...............7

*Schlegel v. Wells Fargo Bank, N.A.*,
  720 F.3d 1204 (9th Cir. 2013) ........................................................4, 6, 7

*Soberanis v. Mortgage Elec. Regis. Sys.*,
  2013 U.S. Dist. LEXIS 112099 (S.D. Cal. Aug. 8, 2013) .......................5

*Sprague v. Neil*,
  2007 U.S. Dist. LEXIS 77767 (M.D. Pa. Oct. 19, 2007) ......................11

*Wadhwa v. Aurora Loan Servs.*,
  2011 U.S. Dist. LEXIS 73949 (E.D. Cal. July 8, 2011) ........................13

**FEDERAL STATUTES**

12 U.S.C. § 215a(e)...............................................................................11

15 U.S.C. § 1601 .....................................................................................2

15 U.S.C. § 1692a(6) ......................................................................6, 7, 9

15 U.S.C. § 1692a(6)(A)-(F) ............................................................9

15 U.S.C. § 1692a(6)(F) ..................................................................9

15 U.S. C. § 1692a(6)(F)(ii) ...........................................................10

15 U.S.C. § 1692a(6)(F)(iii) ................................................... passim

15 U.S.C. § 1692e .................................................................. passim

15 U.S.C. § 1692e(10) ....................................................................14

15 U.S.C. § 1692e(11) ....................................................................16

15 U.S.C. § 1692f ..............................................................13, 14, 15

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................2

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................4

Fed. R. Civ. P. 12(b)(7) .................................................................17

Fed. R. Civ. P. 19 ...........................................................................17

Fed. R. Civ. P. 19 (a)(1) ................................................................17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.     INTRODUCTION.**

   Plaintiff's initial complaint in this action sought to enforce a settlement agreement reached in a class action, which provided, among other things, that Wells Fargo would offer a loan modification program to eligible class members.  In claims for breach of contract and the Fair Debt Collection Practices Act, plaintiff alleged that Wells Fargo violated the settlement by various acts and omissions relating to the processing of her loan modification requests.

   This Court concluded that the agreement contained an express provision granting Judge Seeborg exclusive jurisdiction over all disputes relating to the enforcement of the settlement. Further, the Court found that plaintiff had not pled sufficient facts from which the Court could infer that Wells Fargo was a "debt collector" within the meaning of the FDCPA.  The Court granted plaintiff leave to amend.

   Plaintiff, in her amended complaint, inexplicably reasserts many of her factual allegations that relate solely to the loan modification obligations Wells Fargo undertook as part of the class action settlement.  She has expanded her single claim under the FDCPA to four separate claims, which are primarily premised on statements allegedly made by Wells Fargo while processing her loan modification requests.

   As briefed below, plaintiff still has not alleged facts sufficient to show that Wells Fargo is a "debt collector" within the meaning of the act.  Wells Fargo succeeded to the originating lender's interest in the loan through a name change and merger, and as a matter of law, now *is* the originating lender.

   Further, as briefed below, the alleged violations do not meet the most basic requirements of an FDCPA claim, namely that false, deceptive, unconscionable, or unfair actions were taken "in the collection of any debt."  Plaintiff's allegations pertain solely to statements made in connection with a loan modification review, and as such, fail to state a claim under the FDCPA.

**2.     SUMMARY OF FACTS AND JUDICIALLY NOTICEABLE DOCUMENTS.**

**A.     Plaintiff's Mortgage Loan.**

   On May 31, 2007, plaintiff and her husband borrowed $1,365,000 from World Savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Bank, FSB.  Comp., ¶ 9.  The loan was memorialized in an adjustable rate promissory note secured by a mortgage against the property located at 322 Whitenack Road, Far Hills, New Jersey 07931 (the "property").  A copy of the note and mortgage are attached to the Request for Judicial Notice ("RJN") as <u>Exhibits 1 and 2.</u>

World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007.  A copy of the Office of Thrift Supervision's letter certifying the name change is attached to the RJN as <u>Exhibit 3</u>.  Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A. and merged with and into Wells Fargo Bank, N.A. ("Wells Fargo").  A copy of the certification of Comptroller of the Currency is attached to the RJN as <u>Exhibit 4</u>, and a copy of the historical profile for World published by the Federal Deposit Insurance Corporation is attached as <u>Exhibit 5</u>.  *See also*, Comp., ¶ 14 ("In 2008, [Wells Fargo] acquired World Savings Bank as a subsidiary.").[1]

**B.      The Multi-District Litigation And The Class Action Settlement Agreement.**

Plaintiff devotes a significant portion of her amended complaint describing the proceedings and settlement agreement reached in the case entitled *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*, No. 5:09-md-02015 (the "Class Action").  In its order granting Wells Fargo's motion to dismiss the initial complaint, the Court described the proceedings in the Class Action as follows:

> [T]he [Class Action] plaintiffs attacked the defendants' "Pick-A-Payment" mortgage loans, which allowed borrowers to choose a minimum payment for their loan and to make those payments for a limited amount of time and subject to specific terms. The plaintiffs alleged that through the Pick-A-Payment scheme the defendants (1) violated the Truth in Lending Act, 15 U.S.C. § 1601, (2) violated the California Business and Professions Code § 17200,  (3) committed breach of an implied covenant of good faith and fair dealing, and (4) committed fraud. Compl. [Docket No. 1] ¶ 12. Ultimately, the parties to the Class Action entered into a written class action settlement agreement ("MDL-SA").
>
> The MDL-SA contains a jurisdictional clause to govern future disputes between the parties:

---

[1]      In its order granting Wells Fargo's motion to dismiss the initial complaint, this Court took judicial notice of these documents. *Fiorilli v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 110017, *4 (N.D. Cal. Aug. 7, 2014)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

> [The MDL-SA] [p]reserve[s] the Court's continuing and
> exclusive jurisdiction over the Parties to this Agreement,
> including the Defendants and all Settlement Class Members, to
> administer, supervise, construe and enforce this Agreement in
> accordance with its terms for the mutual benefit of the Parties,
> but without affecting the finality of the Judgment . . . .

2

3

4

Compl. Ex. A (MDL-SA), Section XV(D)(6). The MDL-SA defined "the
Court" as the "United States District Court for the Northern District of
California, the Honorable Jeremy F. Fogel . . . or any other court that
obtains competent jurisdiction of the Lawsuit." MDL-SA § I(1.15). At the
time of the settlement, the judge presiding over the case was Judge Fogel;
subsequently, the case was reassigned to Judge Seeborg.

5

6

7

8

The MDL-SA created three classes of members: (1) borrowers who did
not possess Pick-A-Payment loans anymore, (2) borrowers who continued
to hold their loan and were not in default with their loan, and
(3) borrowers who still held their loans but were in default. *In re
Wachovia Corp. "Pick-A-Payment,"* No. 5:09-md-02015-JF, 2011 U.S.
Dist. LEXIS 55351, 2011 WL 1877630 at *1 (N.D. Cal. May 17, 2011).
The MDL-SA also listed requirements for the defendants to follow in
considering the plaintiffs' loan modification applications. MDL-SA § VI.
For example, the defendants had to evaluate the applications under one or
both of the two types of loan modification programs available, the Home
Affordable Modification Program or the Mortgage Assistance Program 2,
which applied different evaluation standards. MDL-SA § VI(E)(1).
Moreover, in evaluating applications under the Mortgage Assistance
Program 2, the defendants were to use lower evaluation standards (a so-
called "waterfall" analysis) in order to benefit the plaintiffs in the
application process. MDL-SA § VI(E)(5). The defendants were also
required to provide an adequately staffed help line, a primary point of
contact for each Class, notification to applicants of missing documents
within ten days, a written explanation of an application denial within thirty
days, and a "second-look and escalation" protocol or review process for
modification applications. MDL-SA § VI(E)(8)(a)-(e).

9

10

11

12

13

14

15

16

17

18

19

*Fiorilli* , 2014 U.S. Dist. LEXIS 110017 at *1-4.

20

In her initial complaint, plaintiff asserted two claims for relief: a claim for breach of the

21

MDL-SA and a claim for violation of the Fair Debt Collection Practices Act (FDCPA). Both

22

claims were premised on her assertion that Wells Fargo violated its obligations under the MDL-

23

SA by failing to modify her loan.

24

**C.** **The Court Grants Wells Fargo's Motion To Dismiss The Initial Complaint.**

25

This Court concluded that "Plaintiff and Defendant are parties to the settlement and

26

subject to the jurisdictional clause in the MDL-SA," and that plaintiff's earlier-pled claim to

27

enforce the MDL-SA "falls squarely within the exclusive jurisdiction of the court presiding over

28

the Class Action." *Fiorilli* , 2014 U.S. Dist. LEXIS 110017 at *8-9. Thus, the Court dismissed

plaintiff's claim for breach of contract, as well as her claim for violation of the FDCPA, to the extent it was premised on duties allegedly imposed by the MDL-SA. *Id*. at *14 (dismissing FDCPA based on plaintiff's allegation that Wells Fargo "violated 15 U.S.C. § 1692e by making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay $20,000 to receive a loan modification offer even though the Settlement Agreement had no provision requiring such payment.").

The Court granted plaintiff leave to amend the FDCPA claim, in light of plaintiff's representation that "she can amend the complaint to add factual support for her allegation that Wells Fargo is a 'debt collector,' as well as additional details regarding the conduct by Defendant that constitutes a violation of the FDCPA, and also falls outside the jurisdictional clause of the MDL-SA." *Id*. at *14-15.

Plaintiff, ignoring the Court's construction of the exclusive jurisdiction clause, attaches a copy of the MDL-SA to her amended complaint and again reasserts various ways Wells Fargo has violated the MDL-SA. FAC, ¶ 13-24, 31-32, 37-39; *see* Exhibit A. She incorporates these allegations into all four of her claims for violation of the FDCPA, and her second claim for relief is expressly based on obligations under the FDCPA. FAC, ¶ 76 (alleging that Wells Fargo violated the FDCPA by "failing to provide the Plaintiff with all of the accommodations *promised by the Settlement Agreement*.") (emphasis added).

As briefed below, plaintiff has now asserted four separated claims under the FDCPA, all of which are predicated on Wells Fargo's communications made in connection with her efforts to obtain a loan modification.

**3.     STANDARD UNDER RULE 12(B)(6).**

"In order to survive a motion to dismiss, [a plaintiff's] complaint ha[s] to allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1207 (9th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

1    "[T]he facts alleged to demonstrate an 'entitle[ment] to relief require[] more than labels

2    and conclusions, and **a formulaic recitation of the elements of a cause of action will not do**."

3    *Gonzales & Gonzales Bonds & Ins. Agency v. United States Dep't of Homeland Sec.*, 2012 U.S.

4    Dist. LEXIS 69345, *14 (N.D. Cal. May 17, 2012) (Ryu, M.J.) (emphasis added) (*quoting Bell*

5    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005).  "'Conclusory allegations of law . . . are

6    insufficient to defeat a motion to dismiss.'"  *Gonzales*, 2012 U.S. Dist. LEXIS 69345 at *14

7    (*quoting Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001)).

8         It is insufficient to "merely parrot[] the language of the statute . . . ," as this "falls short of

9    providing any factual content that allows the Court to draw the reasonable inference that

10   Defendants are liable for the misconduct alleged." *Ramirez v. Manpower, Inc.*, 2014 U.S. Dist.

11   LEXIS 4072 (N.D. Cal. Jan. 10, 2014); *Jalili v. Far East Nat'l Bank*, 2013 U.S. Dist. LEXIS

12   62546 (N.D. Cal. May 1, 2013) (motion to dismiss granted where allegations were devoid of any

13   facts and simply restate the language of the statute in an entirely conclusory manner."); *see also,*

14   *Soberanis v. Mortgage Elec. Regis. Sys.*, 2013 U.S. Dist. LEXIS 112099 (S.D. Cal. Aug. 8,

15   2013) (motion to dismiss granted under *Iqbal* where "Plaintiffs' conclusory allegations merely

16   track the language of the statutes and provide no additional facts actually pertaining to the parties

17   in this case.")

**4.       THE COURT SHOULD DISMISS THE FIRST CLAIM FOR RELIEF**
18         **(VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692e WITHOUT LEAVE TO**
19         **AMEND.**

20         In her first claim, plaintiff alleges that Wells Fargo violated 15 U.S.C. § 1692e by making

21   false, deceptive, or misleading statements concerning her loan modification request, namely that

22   "the principal reduction, forbearance, and loan term extension would be available to the

23   Plaintiff" (FAC, ¶ 60); "the Plaintiff qualified for a loan modification" (*id.*, ¶ 61); "the Plaintiff's

24   financial condition was appropriate to receive a loan modification" (*id.*, ¶ 62); and "the Plaintiff

25   needed to pay $20,000 to receive a loan modification offer."  (*id.*, ¶ 63).

26         Section 1692e prohibits the use by a **debt collector** of "any false, deceptive, or

27   misleading representation or means in connection with **the collection of any debt**."  *Donohue v.*

28   *Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (emphasis added).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.    The Alleged "False, Deceptive, Or Misleading" Statements Were Not Made In Connection With "The Collection Of Any Debt."**

Plaintiff's real grievance is that Wells Fargo denied her request for modification of her loan under the program provided in the MDL-SA.  There is no other explanation for her attaching the MDL-SA to the amended complaint and devoting more than *fifteen* paragraphs describing Wells Fargo's obligations under the MDL-SA and its supposed violations.  Her FDCPA claims are an effort to shoehorn this dispute into the framework of the FDCPA.  This effort is unsuccessful.

The allegedly false, deceptive, or misleading statements she attributes to Wells Fargo pertain to the availability of a loan modification, her eligibility for a loan modification, and the alleged cost of obtaining a loan modification.  FAC, ¶¶ 60-63.  She offers no facts to connect these allegations to any communication attempting to collect her debt, for example, a communication stating the amount of her obligation, demanding repayment, setting a deadline for repayment, or describing the consequences of nonpayment.  Viewing the allegations in the light most favorable to plaintiff, the alleged misrepresentations *at most* relate to the processing of and decision on a loan modification application.  Because no court could reasonably infer from her allegations that the statements were made "in connection with the collection of any debt," plaintiff has not stated a plausible claim under section 1692e.

**B.    Wells Fargo Is Not A "Debt Collector."**

Even though she was given leave to amend, plaintiff has not "plead[ed] 'factual content that allows the court to draw the reasonable inference' that Wells Fargo is a debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (*quoting Iqbal*, 556 U.S. at 67).

"The FDCPA defines the phrase 'debt collector' to include:  (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Schlegel*, 720 F.3d at 1208 (*quoting* 15 U.S.C. § 1692a(6)) (emphasis added).  Plaintiff has not

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

pled facts sufficient to satisfy either element.

      i.    **Plaintiff Has Not Alleged Factual Content Sufficient To Meet The First Definition Of "Debt Collector."**

      Plaintiff attempts to meet the first definition of debt collector with this allegation:   "The Defendant uses instrumentalities of interstate commerce and mails regularly to collect debts owed to other entities."  FAC, ¶ 28.

      In *Schlegel*, the Ninth Circuit held that a nearly identical allegation was insufficient to establish that Wells Fargo was a "debt collector" with respect to a loan that it took by assignment.  *Id.* at 1208 (quoting the plaintiffs' allegation that "'Wells Fargo  is in the business of collecting debts and uses instrumentalities of interstate commerce in that business.'").

> The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA.

*Id*. at 1208-1209; *see also, Satre v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 157119, *11-12 (N.D. Cal. Nov. 1, 2013) ("Plaintiffs have not alleged that debt collection is the principal purpose of Wells Fargo's business.  Therefore, as currently pled, Plaintiffs' First Amended Complaint has not adequately set forth facts that would allow the Court to draw the reasonable inference that Wells Fargo  is a debt collector.").

      Here, too, plaintiff has pled no facts from which this Court could infer that the "principal purpose" of Wells Fargo's business is the collection of debts owed to another. 15 U.S.C. § 1692a(6).  Accordingly, plaintiff has not satisfied the first definition of "debt collector" under the FDCPA.

      ii.    **Plaintiff Has Not Alleged Factual Content Sufficient To Meet The Second Definition Of "Debt Collector."**

      In its order granting Wells Fargo's motion to dismiss the initial complaint, this Court concluded that Wells Fargo was not a "debt collector" under the FDCPA's second definition:

1

2

3

[]The factual allegations and judicially noticeable evidence[2] demonstrates that [Wells Fargo] is a creditor collecting on its own accounts[] even though it did not originate Plaintiff's debt but rather came to own it through an acquisition of World Savings.  **As such, [Wells Fargo] is not a "debt collector" under the FDCPA.**

4

*Fiorilli*, 2014 U.S. Dist. LEXIS 110017 at *12.

5

In her amended complaint, plaintiff adds these allegations:

6

7

8. On or about February 21, 2008, World Savings Bank sold the Mortgage Loan to a Real Estate Mortgage Investment Conduit, a securitized trust for which Bank of New York served as the trustee (the "Bank of New York REMIC").

8

9

9. World Savings Bank retained no rights with respect to the Mortgage Loan upon the sale thereof to the REMIC.

10

11

10. Stated differently, the sale of the Mortgage Loan to the REMIC divested World Savings Bank of all rights thereto.

12

28. On or about August 3, 2011, the Defendant purchased the Mortgage Loan and/or its servicing rights from the Bank of New York REMIC.

13

14

29. At the time that the Defendant purchased the Mortgage Loan and/or its servicing rights from the Bank of New York REMIC, the Mortgage Loan was in default.

15

16

17

18

19

Plaintiff intends to argue that Wells Fargo is a "debt collector" because plaintiff's loan was in default when Wells Fargo "acquired" it.  *See* Dkt. #28 at 2-3 (plaintiff's supplemental opposition to motion to dismiss initial complaint, citing *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. Ohio 2012)).  This theory relies on the exemption from the definition of "debt collector" that is provided in 15 U.S.C. § 1692a(6)(F)(iii).  As stated by the Sixth Circuit:

20

21

22

The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii).  For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired.

23

24

*Id*.  Even if this were the rule in the Ninth Circuit, it has no application where, as here, a lender obtains a loan through a name change and/or merger, as opposed to an assignment of the loan.

25

26

27

28

---

[2]     The Court took judicial notice of the Official Certification of the Comptroller of the Currency, which stated that Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged into Wells Fargo Bank, N.A., as well as the Federal Deposit Insurance Corporation's printout of Wachovia Mortgage, FSB's history, which also showed the name change and merger.  *Id*. at *4-5.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff also apparently intends to argue that World Savings' securitization of her loan

2    divested it of any ownership interest, thereby precluding Wells Fargo from ever succeeding to

3    World Savings' interest through the name change and merger.  She is wrong.

4              (a)    **Because Wells Fargo Was Exempted From The Definition Of "Debt**
              **Collector" Under Subsection (F)(ii), The Court Need Not Consider**
5              **Whether It Was Exempted Under Subsection (F)(iii).**

6    15 U.S.C. § 1692a(6)(A)-(F) sets forth specific exemptions to the definition of "debt

7    collector."  Subsection (F) provides:

8         The term [debt collector] does **not** include-- . . .

9         (F) any person collecting or attempting to collect any debt owed or due or
          asserted to be owed or due another to the extent such activity

10        (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow
11        arrangement;

12        **(ii) concerns a debt which was originated by such person**;

13        **(iii) concerns a debt which was not in default at the time it was**
          **obtained by such person**; **or**

14        (iv) concerns a debt obtained by such person as a secured party in a
15        commercial credit transaction involving the creditor.

16   15 U.S.C. § 1692a(6) (emphasis added).

17   In *Gross v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 7293, *7 (C.D. Cal. Jan. 21, 2014)

18   the plaintiff's loan was originated by and originally owed to World Savings Bank, FSB.  *Id.* at

19   *7.  Wells Fargo moved to dismiss the FDCPA claim on the ground that it was not a "debt

20   collector," relying on judicially noticeable evidence of the name change and merger that resulted

21   in its succession to World Savings' interest in the loan.  *Id.*

22   The district court Wells Fargo's motion to dismiss, holding that Wells Fargo was not a

23   "debt collector."  "[T]he term debt collector does not include 'any person collecting or

24   attempting to collect any debt owed or due or asserted to be owed or due another to the extent

25   such activity . . . (ii) concerns a debt which was originated to such person' (15 U.S.C.

26   § 1692a(6)(F))."  *Id.* at *6-7.  The court also rejected the plaintiff's argument that "Wells Fargo

27   falls under the FDCPA because it obtained the subject loan while it was in default."  *Id.* at *6.

28   "As Wells Fargo points out**,** the carve out in subsection(F) is **disjunctive, so if an alleged "debt**

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1  **collector" fits any of the exceptions, they are not governed by the FDCPA**." *Id.* at *7

2  (emphasis added).

3
> Wells Fargo argues, and Mr. Gross does not dispute, that the loan at issue
4
> in this case was issued by World Savings, Wells Fargo's predecessor in
> interest.  Thus, Wells Fargo is exempt from the FDCPA in this matter as
> they are the originator of the debt in question.  <u>Because Wells Fargo is</u>
5
> <u>exempt under § 1692a(6)(F)(ii), the Court need not address Mr. Gross's</u>
> <u>argument regarding § 1692a(6)(F)(iii).</u>
6

7  *Id.* (emphasis added).

8      Here, as World Savings' successor, Wells Fargo is the "originator of the debt in

9  question."  *Gross,* 2014 U.S. Dist. LEXIS 7293 at *7.  As such, it is exempt from the definition

10 of "debt collector" under § 1692a(6)(F)(ii) (a person attempting to collect a debt "to the extent

11 such activity . . . (ii) concerns a debt which was originated by such person.").  Because

12 § 1692a(6)(F)(ii) is disjunctive, this Court need not evaluate whether other exemptions from the

13 definition of "debt collector" are met.

14         **(b)    <u>Wells Fargo Did Not "Obtain" Plaintiff's Loan While It Was In</u>**
               **<u>Default.</u>**
15

16      Even if the Court were to consider subsection (F)(iii), as plaintiff urges, it should

17 nevertheless conclude that it does not apply here.  Subsection (F)(iii) examines the status of a

18 loan "at the time it was **obtained** by" the defendant.  The FDCPA does not define the term

19 "obtained."  However, the FDCPA's legislative history reveals that the term "debt collector" was

20 intended to "'cover all third persons who regularly collect debts for others'", and "'[t]he primary

21 persons intended to be covered are independent debt collectors.'"  *Brown v. Morris*, 243 Fed.

22 Appx. 31, 34 (5th Cir. Miss. 2007) (*citing* Sen. Rep't No. 95-382 at 3).  Based on this legislative

23 history, at least one circuit has held that "obtained" is synonymous with "assigned."  *Id.* (*citing*

24 *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

25      In *Brown*, the court observed that the defendant mortgage company "was not specifically

26 assigned Brown's mortgage for debt-collection purposes," but rather, "acquired it through its

27 merger with Brown's previous mortgage company."  *Id.* at 34-35.  Accordingly, the defendant

28 "did not 'obtain' [the plaintiff's] mortgage while it was in default."  *Id.* at 35.

This definition of "obtained" is "is supported by the rationale behind the exemption and the law regarding mergers and thus should be followed." *Dues v. Capital One, NA*, 2011 U.S. Dist. LEXIS 96435, *9-12 ( E.D. Mich. Aug. 8, 2011).

> Like the entity "that acquires a current, non-defaulted debt in order simply to continue servicing it" is "'acting much like the original creditor that created the debt," Defendant, via the merger, acquired all the assets and debts of the bank and is thus "much like" the original creditor, Hibernia Bank. [Citation].
>
> After a merger, the resulting entity is the "receiving association," which "shall be deemed to be the same corporation as each bank or banking association participating in the merger." 12 U.S.C. § 215a(e). Consequently, after a merger with a creditor bank, the surviving corporation is not only "much like" the original creditor, it is the original creditor. Consequently, if Defendant were attempting to collect a debt originally owed to Hibernia Bank after these entities merged, it could not be a debt collector.

*Id*. at *11-12 (citing *Sprague v. Neil*, 2007 U.S. Dist. LEXIS 77767 (M.D. Pa. Oct. 19, 2007)).

The Eastern District of California has cited *Brown* and *Dues* with approval and concluded that Wells Fargo "obtained" the plaintiff's loan at the same time the originating lender, World Savings, "obtained" the loan. *Pugh v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 149791, *6-8 (E.D. Cal. Oct. 17, 2013) (after recapping plaintiff's allegations that World Savings was the originating lender, that Wachovia Bank acquired World Savings, and thereafter Wells Fargo acquired Wachovia, the district court observed that "Wells Fargo 'is not only much like the original creditor, it is the original creditor.'") (*quoting Dues,* 2011 U.S. Dist. LEXIS 96435 at *11-12; *Gross,* 2014 U.S. Dist. LEXIS 7293 at *7 ("Wells Fargo is exempt from the FDCPA in this matter as they are the originator of the debt in question."); *see also, Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 884-885 (S.D. Tex. 2013) (rejecting plaintiffs' argument under subsection (F)(iii) that, "to the extent their loans were in default at the time Wells Fargo merged with Wachovia—Defendants meet the definition of 'debt collector.'").

In the present case, this Court has already taken judicial notice of the documents that establish that the originating lender was World Savings, that World Savings was merged into Wachovia, and Wachovia's name was changed to Wells Fargo. RJN, Exs. 3-5. Under these circumstances, Wells Fargo *is* the original creditor, and it obtained the loan at the same time as

1   the originating lender, World Savings, obtained the loan—May 31, 2007.  *Pugh,* 2013 U.S. Dist.

2   LEXIS 149791 at *8.  The loan was obviously not in default on the day it funded.  Thus, plaintiff

3   cannot rely on subsection (F)(iii) to squeeze Wells Fargo into the definition of "debt collector." [3]

4          **(c)   Plaintiff's Allegations Concerning Securitization Of The Loan Do Not**
           **Change The Analysis.**

5

6          Plaintiff alleges that World Savings sold the loan into a securitized trust (a Real Estate

7   Mortgage Investment Conduit (REMIC)), that the sale "divested World Savings of all rights" in

8   plaintiff's loan, and that Wells Fargo acquired its rights in the loan not through the merger and

9   name change in 2009, but rather through a purchase from the REMIC in 2011.  FAC, ¶¶ 8-9, 28.

10  Even if the Court were to conclude that Wells Fargo did not obtain its interest in the loan when

11  the loan funded in 2007 (as explained in the previous section), these allegations do not salvage

12  plaintiff's arguments under subsection (F)(iii).

13         As a preliminary matter, the allegation that World Savings divested itself of all of its

14  rights by securitizing the loan is a legal conclusion, and therefore, "not a well-pled factual

15  allegation whose truth the Court must accept at the pleading stage."  *Choyce,* 2014 U.S. Dist.

16  LEXIS 75345 at *12 (*citing Iqbal,* 556 U.S. at 678).  This allegation has no more validity than an

17  allegation that World Savings divested its ownership interest by the loan by placing the

18  promissory note in a file cabinet.

19         More critically, plaintiff's representation of the legal effect of securitization is wrong.  In

20  *Logvinov v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 141988  (N.D. Cal. Dec. 9, 2011) (Ryu,

21  M.J.), the plaintiff-borrower alleged that the originating lender, World Savings, securitized her

22  loan through a depository entity known as a REMIC, and that by doing so, divested itself of

23  ownership of the promissory note and its beneficial interest in the deed of trust.  She alleged that

Anglin Flewelling Rasmussen Campbell & Trytten llp

---

[3]   Plaintiff's allegation that "the Defendant is not the original creditor with respect to the
Mortgage Loan" (FAC, ¶ 56) is a legal conclusion.  As such, it "is not a well-pled factual
allegation whose truth the Court must accept at the pleading stage."  *Choyce v. SF Bay Area
Indep. Media Ctr.,* 2014 U.S. Dist. LEXIS 75345, *12 (N.D. Cal. June 2, 2014) (*citing Iqbal,* 556
U.S. at 678) ("'the tenet that a court must accept as true all of the allegations contained in a
complaint is inapplicable to legal conclusions'").

1    the REMIC "is an owner of the note and the only beneficiary under the deed of trust," and

2    consequently, Wells Fargo had no authority to instruct the trustee to record a notice of default.

3    *Id.* at *6-7.  This Court disagreed, finding that:

4              Judicially noticeable documents reveal that the original lender, World
5              Savings Bank, changed its name to Wachovia Mortgage, FSB, and is now
               a division of Wells Fargo Bank.  Therefore, Wells Fargo simply succeeded
6              World Savings Bank's interest in the loan.

7    *Id.* at *7.

8          This Court then observed that "[t]he argument that parties lose their interest in a loan

9    when it is assigned to a trust pool or REMIC has been rejected by numerous courts."  *Id.* at *8

10   (*citing, e.g., Wadhwa v. Aurora Loan Servs.*, 2011 U.S. Dist. LEXIS 73949 (E.D. Cal. July 8,

11   2011) and *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal.

12   2009).  "[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt

13   obligations under the note, and does not change the relationship of the parties in any way."  *Id.* at

14   *9 (internal quotations omitted) (*citing Reyes v. GMAC Mortgage LLC*, 2011 U.S. Dist. LEXIS

15   40953 (D. Nev. Apr. 5, 2011)).

16         Here, World Savings did not lose its interest in the loan by transferring it to a REMIC.

17   Wells Fargo succeeded to that interest in November 2009 when the merger and name change

18   became effective, and it effectively became the originating lender.  Plaintiff's loan was not in

19   default when the loan funded, and therefore, she cannot avail herself of any argument under

20   subsection (F)(iii).

21   **5.    THE COURT SHOULD DISMISS THE SECOND CLAIM FOR RELIEF
22         (VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692f) WITHOUT LEAVE TO
            AMEND.**

23         Section 1692f prohibits a debt collector from using "unfair or unconscionable means to

24   collect or attempt to collect any debt."  Plaintiff alleges that Wells Fargo "violated 15 U.S.C.

25   § 1692f by using unfair and/or unconscionable means in connection with debt collection" by

26   "indicating that the Plaintiff qualified for a loan modification" (FAC, ¶ 73); by "indicating that

27   the Plaintiff's financial condition was appropriate for a loan modification" (*id.*, ¶ 74); by

28   "conditioning divulging the terms of a possible loan modification to save the Plaintiff's Home on

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1   the Plaintiff's making a payment of approximately $20,000" (*id.*, ¶ 75); and by "failing to

2   provide the Plaintiff with all of the accommodations promised by the Settlement Agreement"

3   (*id.*, ¶ 76).

4       **A.   Wells Fargo Is Not A "Debt Collector," And The Alleged Violations Were**
        **Not "In Connection With The Collection Of A Debt."**

5

6       For the reasons explained in § 1.B, *supra*, Wells Fargo is not a "debt collector."

7   Accordingly, plaintiff has not stated a cognizable violation of the FDCPA.

8       Further, plaintiff has again alleged acts and statements that, *at most,* relate to the

9   processing of and decision on a loan modification application.  Because the violations were not

10  committed "in connection with the collection of any debt," plaintiff has not stated a plausible

11  claim under section 1692f, the second claim should be dismissed with prejudice.

12      **B.   The Court Lacks Jurisdiction Over This Claim To The Extent It Seeks To**
        **Enforce The MDL-SA.**

13

14      This Court rejected plaintiff's attempt to plead an FDCPA violation in her initial

15  complaint because it was based on her allegation that "Defendant violated 15 U.S.C. § 1692e by

16  making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay

17  $20,000 to receive a loan modification offer even though the Settlement Agreement had no

18  provision requiring such payment." Initial Comp. ¶ 49.  "From the face of this allegation, it is

19  clear that the court would be required to construe the MDL-SA in order to determine whether

20  Defendant violated the FDCPA, an act left to the exclusive jurisdiction of the Class Action

21  court."  *Fiorilli,* 2014 U.S. Dist. LEXIS 110017, at *13-14.

22      Plaintiff again has alleged a violation of the FDCPA premised on "promise[s]" Wells

23  Fargo made in the MDL-SA.  FAC, ¶ 76 (Wells Fargo violated the FDCPA by "failing to

24  provide the Plaintiff with all of the accommodations promised by the Settlement Agreement").

25  The Court has no jurisdiction over such a claim.

26  **6.   THE COURT SHOULD DISMISS THE THIRD CLAIM FOR RELIEF**
        **(VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692e(10)) WITHOUT LEAVE TO**

27      **AMEND.**

28      The third claim is brought under 15 U.S.C. § 1692e(10), which provides:

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

3

4

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

5    Plaintiff alleges that Wells Fargo engaged in "false or deceptive means" by "indicating

6    that the Plaintiff *might qualify for a loan modification* that would reduce principal obligations

7    for the Mortgage Loan, permit a forbearance of the Mortgage Loan, and/or extend the Mortgage

8    Loan terms" (FAC, ¶ 86) (emphasis added); "indicating that the Plaintiff's financial condition

9    was appropriate for a loan modification" (*id.*, ¶ 87); and "inquiring *whether the Plaintiff might*

10   *be able to pay* $20,000 in conjunction with a possible loan modification" (*id.*, ¶ 88).  (Emphasis

11   added).

12   ### A.  Wells Fargo Is Not A "Debt Collector," And The Alleged Violations Were Not "In Connection With The Collection Of A Debt."

13

14   For the reasons explained in § 1.B, *supra*, Wells Fargo is not a "debt collector."  Further,

15   plaintiff has again alleged acts and statements that, *at most,* relate to the processing of and

16   decision on a loan modification application.  Because the violations were not committed "in

17   connection with the collection of any debt," plaintiff has not stated a plausible claim under

18   section 1692f, the third claim should be dismissed with prejudice.

19   ### B.  The Complained-Of Statements Cannot Possibly Constitute "False" Or "Deceptive" Practices.

20

21   "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes

22   into account whether 'the least sophisticated debtor would likely be misled by a

23   communication.'"  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

24   Here, as shown by the bold text above, the facts supporting the third claim are similar,

25   but not identical to the facts supporting the first and second claims.  The not-so-subtle

26   differences render this third claim defective.

27   For example, plaintiff alleges that it was "false or deceptive" for Wells Fargo to

28   "indicat[e] that the Plaintiff **might** qualify for a loan modification . . . ."  FAC, ¶ 86 (emphasis

CASE NO.: 4:14-CV-00557-DMR
MEMO OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  added).  That statement cannot possibly be "false or deceptive," as the "least sophisticated"

2  borrower would not be misled by this statement to suggest that collection efforts would cease or

3  proceed in a particular way.  If such a statement were actionable, every lender that notifies its

4  borrowers of its participation in the federal Home Affordable Modification Program (HAMP)

5  would be liable under the FDCPA, as such lenders would either be explicitly or implicitly

6  suggesting that borrowers "might" qualify for a loan modification.

7       Similarly, plaintiff alleges that it was "false or deceptive" for Wells Fargo to "indicat[e]

8  that the Plaintiff's financial condition was **appropriate** for a loan modification."  FAC, ¶ 87

9  (emphasis added).  Such a statement does not constitute a *promise* of a modification or an

10  affirmative representation that plaintiff *qualified* for a modification.  The "least sophisticated"

11  borrower would not be misled by this statement to suggest that collection efforts would cease or

12  proceed in a particular way.

13       Finally, plaintiff alleges that it was "false or deceptive" for Wells Fargo to "**inquir[e]**

14  **whether** the Plaintiff might be able to pay $20,000 in conjunction with a possible loan

15  modification."  FAC, ¶ 88 (emphasis added).  In other words, plaintiff is suggesting that she was

16  misled by the bank's *merely asking a question*.  Even the least sophisticated borrower would not

17  have understood a mere question about plaintiff's ability to fulfill a condition of a loan

18  modification as a promise that collection efforts would cease or proceed in a particular way.

19       Accordingly, because plaintiff has failed to allege a "false or deceptive" statement, the

20  claim fails.

21  **7.**    **THE COURT SHOULD DISMISS THE FOURTH CLAIM FOR RELIEF**

22  **(VIOLATION OF THE FDCPA, § 15 U.S.C. § 1692e(11) WITHOUT LEAVE TO AMEND.**

23  The fourth claim is brought under 15 U.S.C. § 1692e(11), which provides:

24         A debt collector may not use any false, deceptive, or misleading

25  representation or means in connection with the collection of any debt.
       Without limiting the general application of the foregoing, the following

26  conduct is a violation of this section: . . .  (11) The failure to disclose in
       the initial written communication with the consumer and, in addition, if

27  the initial communication with the consumer is oral, in that initial oral
       communication, that the debt collector is attempting to collect a debt and

28         that any information obtained will be used for that purpose, and the failure

1    to disclose in subsequent communications that the communication is from
     a debt collector, except that this paragraph shall not apply to a formal
2    pleading made in connection with a legal action.

3        Plaintiff alleges that Wells Fargo failed to identify itself as a "debt collector" on at least

4    one occasion.

5        As briefed in § 1.B, *supra*, Wells Fargo was not a "debt collector."  Accordingly, it is not

6    subject to the FDCPA, and it had no obligation to identify itself as such.

7    **8.    THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE TO JOIN
            PLAINTIFF'S HUSBAND AND CO-BORROWER AS AN INDISPENSABLE
8           PARTY.**

9        Fed. R. Civ. P. 12(b)(7) provides for dismissal of an action for the failure to join a party

10   required under Rule 19.  Rule 19 (a)(1) provides:

11       A person who is subject to service of process and whose joinder will not
         deprive the court of subject-matter jurisdiction must be joined as a party
12       if: . . .

13       (B) that person claims an interest relating to the subject of the action and is
         so situated that disposing of the action in the person's absence may:
14

15       (i) as a practical matter impair or impede the person's ability to protect the
         interest; or
16

         (ii) leave an existing party subject to a substantial risk of incurring double,
17       multiple, or otherwise inconsistent obligations because of the interest.

18       Rule 19 requires the joinder of co-borrower, Joseph M. Fiorilli.  Co-owners and co-

19   borrowers are indispensable parties.  *See, e.g., Bickoff v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist.

20   LEXIS 118147, *8-9 (S.D. Cal. Aug. 20, 2012); *Ramsey v. Bomin Testing, Inc*., 68 F.R.D. 335,

21   338 (W.D. Okla. 1975).

22       Here, Mr. Fiorilli is a co-borrower on the loan, and he has pledged his interest in the

23   property as security for the loan.  RJN, Exs. 1, 2.  All of plaintiff's claims arise out of the

24   borrowers' effort to modify the loan—a modification that could never occur unless *all* of the

25   borrowers agreed.  RJN, Ex. 2 (deed of trust), ¶ 23 (requiring modifications to be in a writing

26   signed by all parties).

27       Proceeding with this action without Mr. Fiorilli would subject Wells Fargo to a

28   "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Rule 19 is

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   intended to also further the public's interest "in avoiding repeated lawsuits on the same essential

2   subject matter." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991).

3   There is nothing to stop Mr. Fiorilli from instituting his own lawsuit based on the same

4   communications and the same dispute.  If the Court concludes that plaintiff has a viable claim,

5   this case should not proceed in Mr. Fiorilli's absence.

6   **9.    CONCLUSION.**

7          For the foregoing reasons, plaintiff's complaint should be dismissed with prejudice.

8

9   Date:  August 26, 2014                      ANGLIN, FLEWELLING, RASMUSSEN
                                                  CAMPBELL & TRYTTEN LLP
10

11

12                                       By: _____/s/ Leigh O. Curran_____
                                                     Leigh O. Curran
13                                       Attorneys for Defendants WELLS FARGO
                                         BANK, N.A., successor by merger with Wells
14                                       Fargo Bank Southwest, N.A. f/k/a Wachovia
                                         Mortgage, FSB. f/k/a World Savings Bank, FSB

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        I, the undersigned, declare that I am over the age of 18 and am not a party to this action.
I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling,
Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena,
4   California  91101-2459.

5        On the date below, I served a copy of the foregoing document entitled:

6   **NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
7                                      AUTHORITIES**

8   on the interested parties in said case as follows:

9                   **Served Electronically Via the Court's CM/ECF System:**

10                              *Counsel for Plaintiff:*

11                              Andy Winchell
                    Law Offices of Andy Winchell, P.C.
12                          45 River Road, Suite 3
                         Summit, New Jersey  07901
13

14                       Telephone No.:  (973) 457-4710
                         *Email:  andy@winchlaw.com*
15

16        I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar
17   of this Court, at whose direction the service was made.  This declaration is executed in Pasadena,
California on **August 26, 2014**.

18

19   ___Kimberly Wooten___                    ___*/s/ Kimberly Wooten*___
        (Type or Print Name)                      (Signature of Declarant)

20

21

22

23

24

25

26

27

28

*(left margin, vertical)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP