Andy Winchell (SBN 185252)
andy@winchlaw.com
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey 07901
Telephone No. (973) 457-4710

Attorney for Plaintiff Carol A. Fiorilli

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carol A. Fiorilli, | Case No.: 14-cv-00557 |
|                   Plaintiff, | **OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | |
| Wells Fargo Bank, N.A., | |
|                   Defendant | |

**PRELIMINARY STATEMENT**

The Plaintiff herein, Carol A. Fiorilli (hereinafter the "Plaintiff"), respectfully opposes the motion (the "Motion") of the Defendant Wells Fargo Bank, N.A. (the "Defendant"), to dismiss the Plaintiff's First Amended Complaint (the "Amended Complaint").

The Motion misinterprets a fundamental fact alleged in the Amended Complaint: The Plaintiff alleges that the Defendant acquired the Plaintiff's Mortgage Loan[1] by

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Amended Complaint.

purchasing it from a securitized trust after the Mortgage Loan was in default. The Defendant did not obtain the Plaintiff's Mortgage Loan through merger with World Savings Bank. Acquiring an obligation such as the Mortgage Loan after such obligation is in default renders the Defendant a "debt collector" for the purposes of the Fair Debt Collection Practices Act (the "FDCPA") pursuant to every reported decision that the Plaintiff's research has located.

**A.      The Defendant Is A Debt Collector For The Purposes Of The FDCPA.**

As alleged in paragraph 30 of the Amended Complaint, The FDCPA's definition of "debt collector" means an entity that regularly "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." An entity that acquires an obligation while it is in default is a debt collector for the purposes of the FDCPA. See Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 360 (6th Cir. 2012) ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired."); FTC v. Check Investors, Inc., 502 F.3d 159, 171– 73 (3d Cir.2007); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir.2003) ("In other words, the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."). The same rule applies to mortgage servicers. "The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred." Bridge,  681 F.3d at 360 (citing to Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106–08 (6th Cir.1996); and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)).

Here, the Amended Complaint alleges that the Defendant acquired the Mortgage Loan by purchasing it from the Bank of New York REMIC after the Mortgage Loan went

1    into default. Notably, and contrary to the suggestion of the Defendant, the Amended

2    Complaint does not allege that Defendant acquired the Mortgage Loan through merger

3    with World Savings Bank. The Amended Complaint explains that World Savings Bank

4    sold the Mortgage Loan to the Bank of New York REMIC in February 2008. <u>See</u>

5    Amended Complaint, ¶ 8. World Savings Bank retained no interest in the Mortgage

6    Loan upon its sale to the Bank of New York REMIC. <u>See</u> Amended Complaint, ¶ 9. The

7    Defendant obtained its interest in World Savings at the end of 2008, a time at which the

8    Bank of New York REMIC owned the Mortgage Loan, not World Savings Bank. Thus,

9    the Defendant did not acquire its interest in the Mortgage Loan through merger, but

10   rather by purchasing it from the Bank of New York REMIC.

11           As the Plaintiff explained in its Supplemental Opposition to Motion to Dismiss

12   Complaint filed on or about July 24, 2014, the Plaintiff learned by deposing one of the

13   Defendant's officers in May 2014 that the Defendant did not in fact acquire the

14   Mortgage Loan through a merger. Instead, as described above, the Defendant acquired

15   the loan by purchasing it from the Bank of New York REMIC in August 2011. According

16   to the Plaintiff, and as alleged in the Amended Complaint, the Mortgage Loan was in

17   default at that time. Therefore, as explained above, the Defendant is deemed to be a debt

18   collector for the purposes of the FDCPA and it applies accordingly.

19           **B.       The Amended Complaint States A Claim Pursuant To The FDCPA**

20                      **Apart From The Defendant's Obligations Pursuant To The Settlement**

21                      **Agreement.**

22           The Plaintiff makes numerous allegations about the Defendant's conduct

23   completely apart from the Settlement Agreement and the Defendant's attempts to

24   collect the Mortgage Loan. The Defendant's arguments to the contrary make one wonder

25   whether the Defendant read the entire Amended Complaint. Although the Plaintiff was

26

27

1    trying to obtain a loan modification, the Defendant was unquestionably trying to collect

2    the Mortgage Loan. The Amended Complaint contains the following allegations:

3
         40.    Instead, the Defendant continued to try to attempt to collect
4    the Mortgage Loan from the Plaintiff.

         41.    In the process of attempting to collect the Mortgage Loan
5    from the Plaintiff, the Defendant made false, deceptive and/or misleading
     statements in an attempt to convince the Plaintiff to provide information
6    to the Defendant and to pay money to the Defendant.

7        42.    During telephone discussions with the Plaintiff after
     February 6, 2013, the Defendant made numerous false, deceptive and/or
8    misleading statements.

         43.    During telephone discussions with the Plaintiff after
9    February 6, 2013, the Defendant used unfair and/or unconscionable
     means in the process of debt collection.
10
         44.    The Defendant's representatives indicated to the Plaintiff
11   that the Defendant would reduce principal obligations for the Mortgage
     Loan, permit a forbearance of the Mortgage Loan, or extend the Mortgage
12   Loan terms to assist the Plaintiff in saving the Home.

13       45.    On at least one occasion in the spring of 2013, one of the
     Defendant's representatives stated that the Plaintiff's qualified for a loan
14   modification.

         45.    On at least one occasion in the spring of 2013, one of the
15   Defendant's representatives stated that the Plaintiff's financial condition
     was appropriate for the Defendant to provide the Plaintiff with a loan
16   modification.

17       46.    Such statements were designed in part to encourage the
     Plaintiff to continue to provide confidential, personal information to the
18   Defendant.

         47.    Shortly thereafter, the Defendant's representative
19   conditioned the Plaintiff's learning the terms of a possible loan
     modification upon the Plaintiff making a payment of approximately
20   $20,000 to the Defendant.

21   See Amended Complaint, p 4-5. This section begins with the clause "In the process of

22   attempting to collect the Mortgage Loan from the Plaintiff…" and thereby indicates that

23   the Defendant was attempting to collect the Mortgage Loan from the Plaintiff during the

24   conduct described. The Plaintiff never accuses the Defendant of trying to process a loan

25   modification. Rather the Plaintiff accuses the Defendant of, inter alia: (a) pretending to

26   consider her for a loan modification while obtaining extensive personal data about her;

27

4

(b) falsely stating that she qualified for a loan modification; (c) failing to disclose that the Defendant was attempting to collect a debt; (d) using the unconscionable means of pretending to consider the Plaintiff for a loan modification seriously while obtaining extensive personal data about her; and (e) using the unconscionable means of pretending to consider the Plaintiff for a loan modification seriously and then trying to extort a $20,000 payment merely for learning the possible terms of a loan modification. All of the foregoing occurred in the context of the Defendant attempting to collect the Mortgage Loan. If the Plaintiff needs to amend the Amended Complaint to include "While attempting to collect the Mortgage Loan" at the beginning of paragraphs 42-47, the Plaintiff is happy to do so.

The Defendant's insistence that the Settlement Agreement forms the basis for the Amended Complaint is completely without merit. The FDCPA bans the use of unfair and/or unconscionable means in debt collection. 15 U.S.C. § 1692f. The Plaintiff included the background of the Settlement Agreement to provide the context of what the Defendant had agreed to do for members of the class, such as the Plaintiff. Thus the Defendant's behavior in attempting to collect the Mortgage Loan was particularly unfair and unconscionable given that the Defendant already had promised the Plaintiff to provide her with certain treatment. Apparently the Defendant does not believe that it is either unfair or unconscionable to promise someone to help her keep her home and then use that incentive to elicit personal information and money from her.

C.     **Conclusion**

The Plaintiff respectfully requests that the Court deny the Motion in its entirety. To the extent that the Court is inclined to grant the Motion, the Plaintiff requests leave to amend her Complaint.

1    Dated this the 9th day of September, 2014.

2

3    /s/ Andy Winchell
     Andy Winchell (SBN 185252)

4    Law Offices of Andy Winchell, P.C.
     45 River Road, Suite 3

5    Summit, New Jersey 07901
     973-457-4710

6    andy@winchlaw.com
     Attorney for the Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Summit, New Jersey; my business address is Law Offices of Andy Winchell, P.C., 45 River Road, Summit, New Jersey 07901.

On the date below, I served a copy of the foregoing document entitled:

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Defendant*

Leigh O. Curran
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP,
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459.

**Served By Means Other Than Electronically Via the Court's CM/ECF System:**

***Counsel for Defendant***

Leigh O. Curran
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP,
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459.
Email: lcurran@afrct.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Summit, New Jersey on September 9, 2014.

| | |
|---|---|
| Katharine E. Bryson | */s/ Katharine E. Bryson* |
| (Type or Print Name) | (Signature of Declarant) |