Leigh O. Curran (#173322)
  lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI,,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendants. | CASE NO.: 4-CV-00557-DMR<br>[The Honorable Donna M. Ryu]<br><br>**REPLY BRIEF IN SUPPORT OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    October 9, 2014<br>Time:   11:00 a.m.<br>Ctrm:   4, 3rd Floor |

**1.**    **WELLS FARGO DOES NOT QUALIFY AS A "DEBT COLLECTOR."**

**A.**    **Wells Fargo Is Exempt From The FDCPA's Definition Of "Debt Collector."**

Plaintiff offers nothing to suggest that the *principal* purpose of Wells Fargo's business is or ever has been debt collection. Thus, she cannot meet the first statutory definition of "debt collector."

Wells Fargo also demonstrated that plaintiff cannot satisfy the FDCPA's second definition of "debt collector" because the FDCPA exempts a party that was the *originator* of the debt in question. 15 U.S.C. § 1692a(6)(F)(ii). The unchallenged, judicially noticeable records show that World Savings changed its name and merged into Wells Fargo. These transactions resulted in Wells Fargo's becoming the "originator" of the loan. *Gross v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 7293, *7 (C.D. Cal. Jan. 21, 2014) (where loan was issued by World

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/HR1266/00944373-2        1        CASE NO.: 4:14-CV-00557-DMR
MEMO OF POINTS & AUTHORITIES

1  Savings, Wells Fargo is exempt from the FDCPA in this matter **as they are the originator of**
2  **the debt in question**.") (emphasis added).  Plaintiff does not address the exemption in
3  subdivision (6)(F)(ii) nor address *Gross*, which is on all-fours with this case.
4      Instead, plaintiff relies on a *different* exemption from the definition of "debt collector"—
5  the one found in subdivision 6(F)**(iii)**.  Opp. at 2 (*citing Bridge v. Ocwen Fed. Bank, FSB*, 681
6  F.3d 355, 359 (6th Cir. 2012) (*citing* § 1692a(6)(F)(iii)).  Plaintiff argues that "'the Act treats
7  assignees as debt collectors if the debt sought to be collected was in default by the assignee, and
8  as creditors if it was not.'"  *Id.*. (*citing Schlossser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536
9  (7th Cir. 2013)).  Plaintiff's argument lacks merit.
10     First, as shown in the motion, § 1692a, subdivision 6(F) lists the exemptions from the
11 definition of "debt collector" in the *disjunctive*.  *Gross,* 2014 U.S. Dist. LEXIS 7293 at *7.  This
12 means that once Wells Fargo qualifies for the exemption under subdivision (6)(F)**(ii)**, the
13 analysis ends, and the Court need not consider whether Wells Fargo qualifies for the exemption
14 under subdivision 6(F)**(iii)**.  *See id*.  This is a fatal problem for plaintiff, and she does not address
15 it at all in her opposition.
16     Second, to the extent subdivision 6(F)(iii) has any relevance at all, that subdivision
17 examines the default status of a loan "at the time it was **obtained** by" the defendant.  However,
18 as shown in the motion, "obtained" is synonymous with "assigned."  Consequently, a party that
19 obtains a loan via an *assignment* may fall under subdivision 6(F)(iii), but a party that obtains a
20 loan through a *merger or name change* does not.  *Brown v. Morris*, 243 Fed. Appx. 31, 34-35
21 (5th Cir. Miss. 2007) (after examining legislative history, court found that defendant mortgage
22 company "was not specifically assigned Brown's mortgage for debt-collection purposes," but
23 rather, "acquired it through its merger with Brown's previous mortgage company," and thus,
24 "did not 'obtain' [the plaintiff's] mortgage while it was in default."); *Dues v. Capital One, NA*,
25 2011 U.S. Dist. LEXIS 96435, *9-12 ( E.D. Mich. Aug. 8, 2011) ("After a merger, the resulting
26 entity is the 'receiving association,' which 'shall be deemed to be the same corporation as each
27 bank or banking association participating in the merger.' 12 U.S.C. § 215a(e). Consequently,
28 after a merger with a creditor bank, the surviving corporation is not only 'much like' the original

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  creditor, it is the original creditor."); *Pugh v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS
2  149791, *6-8 (E.D. Cal. Oct. 17, 2013) (Wells Fargo "obtained" the plaintiff's loan at the same
3  time the originating lender, World Savings, "obtained" the loan).
4        Plaintiff addresses none of these cases in her opposition. Indeed, in all of the cases she
5  cites, the defendant alleged to be a "debt collector" had received its interest through an
6  assignment of the loan—not through a name change or merger of entities.[1] Thus, *Bridge*, *Check*
7  *Investors*, and *Schlosser* are easily distinguished from the circumstances of this case.

8  **B.     Plaintiffs' Securitization Allegations Do Not Change The Analysis.**

9        Plaintiff argues that World Savings sold the loan to a REMIC, retained no interest in it,
10 and obtained its interest in World Savings at a time when World Savings did not own the loan.
11 Thus, she argues, Wells Fargo did not obtain the loan in the merger, but rather, by purchasing it
12 from the REMIC. Opp. at 3. This argument is meritless.
13       First, as briefed above, as the result of the name change and merger, Wells Fargo
14 obtained plaintiff's loan when World Savings obtained it—at origination. *Pugh*, 2013 U.S. Dist.
15 LEXIS 149791, *6-8; *Dues,* 2011 U.S. Dist. LEXIS 96435 at *9-12. The loan was not in default
16 at origination, and a subsequent transfer to a REMIC is irrelevant. Again, plaintiff fails to cite
17 any authority to support her arguments.
18       Second, the core of plaintiff's argument is her allegation that World Savings "retained no
19 interest in the Mortgage Loan." However, she does not dispute that this allegation is a *legal*
20 *conclusion* that the Court need not accept as true. Mot. at 12 & fn. 3 (*citing Choyce v. SF Bay*
21 *Area Indep. Media Ctr.,* 2014 U.S. Dist. LEXIS 75345, *12 (N.D. Cal. June 2, 2014)).
22       Third, Wells Fargo showed that plaintiff's legal conclusion is wrong. Mot. at 12-13.
23 "The argument that parties lose their interest in a loan when it is assigned to a . . . REMIC has
24 been rejected by numerous courts." *Logvinov v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS
25

---

[1]    *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012) (assignee of mortgage was a debt collector); *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007) (purchaser of checks drawn on insufficient funds was a debt collectors); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) (defendant who purchased the subject mortgage as part of an acquisition of 128,000 subprime mortgages was a debt collector).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  141988 (N.D. Cal. Dec. 9, 2011) (Ryu, M.J.) (citing cases). Plaintiff does not address the cited
2  cases, and she fails to cite any contrary authority.
3       Plaintiff had the opportunity to allege—if she were able—facts establishing that Wells
4  Fargo is a debt collector. She has not done so, nor can she, as the judicially noticeable
5  documents establish that Wells Fargo obtained her debt before it was in default. All of plaintiff's
6  FDCPA claims should be dismissed with prejudice.

**2. THE FIRST CLAIM FAILS FOR THE REASONS STATED ABOVE, AND BECAUSE ITS GRAVAMEN IS A LOAN MODIFICATION, NOT DEBT COLLECTION.**

9  Wells Fargo showed that plaintiff's first claim relies on representations Wells Fargo
10  allegedly made during the processing of a *loan modification* request. Mot. at 6; FAC, ¶¶ 60-63.
11  Plaintiff seems to be arguing that, because she tacked on the conclusory phrase "while
12  attempting to collect the Mortgage Loan," the processing of a loan modification request was
13  transformed into collection activity. Missing, however, are *facts* that link the processing of her
14  loan modification request to the bank's efforts to recover the amounts due and owing under the
15  loan. Indeed, at several places in the amended complaint, she admits that Wells Fargo's
16  personnel **did not** given her reason to believe that the loan modification activities had anything
17  to do with collection of her debt. Opp. at 5 (Wells Fargo "fail[ed] to disclose that the Defendant
18  was attempting to collect a debt").
19       Plaintiff's allegations, accepted as true and read in the most generous light possible, at
20  most establish that she was pursuing a loan modification while her loan was in default. But she
21  provides no authority to suggest that this proximity in time somehow transforms her loan
22  modification review into collection activities. If the Court were to interpret collection activity as
23  broadly as plaintiff urges, it would create a disincentive for loan servicers to work with
24  borrowers on loan modifications, for fear of liability under the FDCPA.
25       Accordingly, plaintiff has failed to plead wrongdoing done in connection with debt
26  collection.

Anglin Flewelling Rasmussen Campbell & Trytten LLP

### 3. THE SECOND CLAIM FAILS FOR THE REASONS STATED ABOVE AND BECAUSE THE CLAIM ARISES OUT OF THE MDL SETTLEMENT AGREEMENT.

Plaintiff does not dispute that the second claim is based on her allegation that Wells Fargo violated the FDCPA by "failing to provide the Plaintiff with all of the accommodations promised by the Settlement Agreement." FAC, ¶ 76. This Court has already concluded that exclusive jurisdiction over this claim resides in the court having jurisdiction over the MDL, and it should reject plaintiff's attempt to revive this claim.

Plaintiff unconvincingly argues that Settlement Agreement does not form the basis of her claim. She argues that Settlement Agreement (attached as an exhibit to the pleading) and the fifteen paragraphs of allegations concerning the Settlement Agreement were merely "background" and "context" to show that Wells Fargo's "behavior in attempting to collect the Mortgage Loan was particularly unfair and unconscionable given that the Defendant had already promised to provide her with certain treatment." Opp. at 5.

What plaintiff fails to appreciate is that the Court—if it were to try to evaluate "unfair[ness]" and "unconscionab[ility]" in light of promises made by Wells Fargo in the Settlement Agreement—would have to construe the Settlement Agreement. The Court would have to determine precisely what Wells Fargo did and did not promise. Such an exercise falls squarely within the Settlement Agreement's exclusive jurisdiction provision, and it must be left to Judge Seeborg.

### 4. THE THIRD CLAIM FAILS FOR THE REASONS STATED ABOVE AND BECAUSE PLAINTIFF HAS NOT PLED FALSE OR DECEPTIVE STATEMENTS.

This claim relies on similar, but not identical, factual allegations as the previous two claims, and the statements plaintiff attributes to Wells Fargo are far more equivocal.

In its motion, Wells Fargo demonstrated that the "least sophisticated debtor" would not be misled by the suggestion that she "might" qualify for a loan modification (FAC, ¶ 86) and that her condition was "appropriate" for a modification (*id.*, ¶ 87). Mot. at 15-16; *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Nor would the "least sophisticated debtor" be misled by a mere "inquir[y]" as to whether plaintiff could pay "$20,000 in conjunction with a

possible loan modification" (*id.*, ¶ 88).

Plaintiff does not address the "least sophisticated debtor" test at all, nor does she attempt to refute Wells Fargo's arguments. Since she apparently concedes that she has not pled false or deceptive statements or practices, the third claim should be dismissed.

**5.   THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT JOINED HER HUSBAND AND CO-BORROWER**

Plaintiff does not dispute that her husband is a co-borrower, and that co-borrowers are indispensable parties on claims arising out of Wells Fargo's collection of the unpaid debt or its modification of the loan terms. Her opposition is devoid of any argument regarding Mr. Fiorilli's status as an indispensable party, and she appears to concede that he cannot be joined as a plaintiff. Accordingly, the Court should dismiss the first amended complaint in its entirety.

**6.   CONCLUSION.**

For the foregoing reasons, plaintiff's first amended complaint should be dismissed with prejudice.

Date: September 17, 2014         ANGLIN, FLEWELLING, RASMUSSEN
                                                      CAMPBELL & TRYTTEN LLP


                                                      By:  */s/ Leigh O. Curran*
                                                              Leigh O. Curran
                                                      Attorneys for Defendants WELLS FARGO
                                                      BANK, N.A., successor by merger with Wells
                                                      Fargo Bank Southwest, N.A. f/k/a Wachovia
                                                      Mortgage, FSB. f/k/a World Savings Bank, FSB

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**REPLY BRIEF IN SUPPORT OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Andy Winchell
Law Offices of Andy Winchell, P.C.
45 River Road, Suite 3
Summit, New Jersey 07901

Telephone No.: (973) 457-4710
*Email: andy@winchlaw.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **September 17, 2014**.

| Kimberly Wooten | */s/ Kimberly Wooten* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |