IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. FIORILLI, | No. C-14-CV-00557 (DMR) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS [DOCKET NO. 35]** |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Defendant Wells Fargo Bank, N.A. ("Defendant") moves the court to dismiss the First Amended Complaint ["FAC," Docket No. 34] pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 35.] The court held a hearing on the motion on October 9, 2014. For the reasons stated below, Defendant's motion to dismiss is **granted.**

## I. INTRODUCTION

**A. Factual Allegations**

The court summarized the factual background of this case in its earlier order, *see* Order [Docket No. 32], although some key allegations have changed. Most significantly, the original Complaint [Docket No. 1] named only Plaintiff Carol Fiorilli, but the FAC adds Joseph Fiorilli as a named Plaintiff.

Plaintiffs allege that on May 31, 2007, they refinanced their New Jersey home and executed a loan through World Savings Bank, FSB ("World Savings"). FAC at ¶¶ 6-7. Judicially noticeable documents show that, in 2007, World Savings changed its name to Wachovia Mortgage, FSB, and

that Wachovia merged into Wells Fargo in November 2009.[1] However, according to the FAC, Wells Fargo did not simply succeed to the ownership of the loan through this name change and merger; instead, in February 2008, "World Savings Bank sold the [loan] to a Real Estate Mortgage Investment Conduit [a "REMIC"], a securitized trust . . . . [and] the sale of the [loan] divested World Savings Bank of all rights thereto." FAC at ¶¶ 8-10. Around May 2011, Plaintiffs stopped paying their mortgage loan and defaulted. FAC at ¶¶ 25-27. Only after Plaintiffs defaulted did Wells Fargo acquire the loan by "purchas[ing] the [loan] and/or its servicing rights from the [REMIC]" on August 3, 2011. FAC at ¶ 28.

"Over the course of the next few years," Plaintiffs attempted multiple times to obtain a loan modification from Wells Fargo. FAC at ¶¶ 33, 36. Plaintiffs were ultimately denied a loan modification in July 2013. FAC at ¶ 49.

The FAC brings four causes of action, all for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f. In first and third causes of action, Plaintiffs allege that Wells Fargo violated 15 U.S.C. § 1692e[2] by making false, deceptive, or misleading statements, specifically statements indicating that (1) Plaintiffs qualified for loan modification, including through a reduction of the principal on the loan, an extension of the loan term, or forbearance, and that (2) "Plaintiff needed to pay $20,000 to receive a loan modification offer." FAC at ¶ 63. The second cause of action, for violation of 15 U.S.C. § 1692f,[3] alleges that the above behavior constitutes "unfair and/or unconscionable means to collect a debt." The fourth cause of action

---

[1] *See* Request for Judicial Notice ("RJN") [Docket No. 14] Exs. 4-5; Second Request for Judicial Notice ("SRJN") [Docket No. 36] Ex. 3. "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). The court grants Wells Fargo's unopposed request for judicial notice for SRJN Ex. 3 and RJN Exs. 4 and 5, which are official public records of correspondence from the Office of Thrift Supervision, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, respectively. The authenticity of each of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

[2] 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[3] 15 U.S.C. § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

2

alleges that at least on one occasion Wells Fargo failed to identify itself as a "debt collector" during a telephone communication with Plaintiffs, which is a violation of 15 U.S.C. § 1692e(11).

**B. Earlier Order**

In the earlier order, the court dismissed Plaintiff's Complaint. The Complaint had alleged two claims: (1) Wells Fargo breached the written class action settlement agreement (the "MDL-SA") in *In re Wachovia Corp."Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*, No. 5:09-md-02015[4]; and (2) Wells Fargo violated FDCPA, 15 U.S.C. § 1692e, in the assessment of her loan modification application.

The court dismissed both of these claims. The court noted that the MDL-SA contains a jurisdictional clause that gives Judge Seeborg, as the judge presiding over the class action, "continuing and exclusive jurisdiction over the Parties to this Agreement, including the Defendants and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment . . . ." Order at 2 (quoting MTL-SA § XV(D)(6)). The court dismissed the breach of the MDL-SA claim, finding that it "unambiguously seeks to enforce the terms of the [MDL-SA]. As such, it falls squarely within the exclusive jurisdiction of the court presiding over the Class Action." Order at 5. However, the court noted that a claim for breach of the MDL-SA could be properly brought a motion for relief in the class action.

The court dismissed the FDCPA claim for two reasons. First, the court found that the Complaint "fails to plead sufficient factual support to allow the court to draw the reasonable inference that Defendant is a 'debt collector,' as required to state a claim for violation of the FDCPA." Order at 7. The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C. § 1692a(6) (emphasis added). The court stated:

---

[4] Plaintiffs allege that they are class members, such that they and Wells Fargo are subject to the MDL-SA. FAC at ¶¶ 11-14. *See also* Order at 1-2 (summarizing provisions of MDL-SA).

3

>    Plaintiff simply alleges that Defendant is a "debt collector" under the FDCPA. Compl. ¶ 46. This conclusory assertion is insufficient because Plaintiff must plead the "factual content" necessary to support a reasonable inference that Defendant is a "debt collector." *See Schlegel* [*v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013)] (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *O'Connor v. Capital One, N.A.*, No.: CV 14- 00177- KAW, 2014 WL 2215965 at *5 (N.D. Cal. May 29, 2014) (finding plaintiff's allegation that defendant was "debt collector" under FDCPA was insufficient because allegation was conclusory and lacked factual support).
>
>    Creditors collecting on their own past due accounts are not "debt collectors." *See, e.g.*, *Schlegel*, 720 F.3d at 1289 (finding Defendant Wells Fargo was not a "debt collector" under §1692e because Defendant's collection efforts only related to debts acquired through assignment and thus owed to itself). For example, in *Lyons v. Bank of America, NA*, No. 11-01232 CW, 2011 WL 3607608 at *1, 12 (N.D. Cal. Aug. 15, 2011), the plaintiffs brought various claims, including a claim for violation of the FDCPA, against the defendant bank that acquired the plaintiffs' loan from the original lender. The court found that the bank was not a "debt collector" under the Act because the FDCPA "does not encompass creditors who are collecting their own past due accounts," and dismissed the claim without leave to amend on the basis of futility. *Id.* at 13.
>
>    Here, as in *Lyons*, 'the factual allegations and judicially noticeable evidence demonstrates that Defendant is a creditor collecting on its own accounts" even though it did not originate Plaintiff's debt but rather came to own it through an acquisition of World Savings. As such, Defendant is not a "debt collector" under the FDCPA. *See also Casas v. Wells Fargo N.A.*, No. 5:12- CV-01742-EJD, 2012 WL 5877641 at *4 (N.D. Cal. Nov. 20, 2012) (finding Defendant Wells Fargo was World Savings' "successor-in-interest" and as such could not be a debt collector under FDCPA); *Gens v. Wachovia Mortgage Corp.*, No. 10-CV-01073-LHK, 2011 WL 1791601 at *8 (N.D. Cal. May 10, 2011) (stating that change in lender's name from World Savings to Wachovia was not a transfer to another party that creates liability under FDCPA).

Order at 6-7.

The court's second reason for dismissing the FDPCA claim was that it required interpretation of the provisions of the MDL-SA, bringing the claim within the exclusive jurisdiction of the class action court:

>    Plaintiff alleges that "Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading statements by indicating that the Plaintiff needed to pay $20,000 to receive a loan modification offer *even though the Settlement Agreement had no provision requiring such payment*." Compl. ¶ 49 (emphasis added).
>
>    From the face of this allegation, it is clear that the court would be required to construe the MDL-SA in order to determine whether Defendant violated the FDCPA, an act left to the exclusive jurisdiction of the Class Action court. *See* MDL-SA § XV(D)(6) ("[The MDL-SA] [p]reserve[s] the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including the Defendants and all Settlement Class Members, to administer, supervise, ***construe*** and enforce this Agreement . . . .").
>
>    Plaintiff also alleges that "Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of the debt that the Plaintiff owes." Compl. ¶ 51. However, this allegation appears to refer to the same theory for violation of the FDPCA as discussed above—namely, that Defendant's statement that Plaintiff was required to pay

4

1  $20,000 to receive a loan modification even though the MDL-SA did not require such a
2  payment violated the FDCPA. To the extent that Plaintiff believes any other conduct by
   Defendant violated the FDCPA, that conduct has not been sufficiently pled.

3  Order at 7-8.

4  The court dismissed the Complaint but granted Plaintiff leave to amend only the FDCPA
5  claim, since "[a]t oral argument, Plaintiff proffered that she can amend the complaint to add factual
6  support for her allegation that Wells Fargo is a 'debt collector,' as well as additional details
7  regarding the conduct by Defendant that constitutes a violation of the FDCPA, and also falls outside
8  the jurisdictional clause of the MDL-SA." Order at 8.

## II. LEGAL STANDARDS

10  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in
11  the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When
12  reviewing a motion to dismiss for failure to state a claim, the court "accept[s] as true all of the
13  factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per
14  curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory
15  or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New
16  Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks
17  omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the
18  complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing
19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

20  Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given
21  when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no
22  need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981,
23  990 (9th Cir. 2009).

## III. DISCUSSION

25  The FDCPA claims remain deficient because Plaintiffs still fail to sufficiently allege that
26  Wells Fargo is a "debt collector."

27  Plaintiffs contend that Wells Fargo qualifies as a "debt collector" because it acquired its
28  rights in the loan not through the merger with Wachovia but through acquisition from the REMIC,

5

and the loan was in default at the time that Wells Fargo acquired it from the REMIC. This argument relies on two major premises, both of which are wrong.

First, Plaintiffs' conclusion that securitization of a loan in a REMIC "divests [the owner of the loan] of all rights" is not supported the law. Plaintiffs' opposition to the motion to dismiss does not cite any cases or laws in support of this argument, and Plaintiffs' counsel could not identify any case law at the hearing. Indeed, "[t]he argument that parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected by numerous courts." *Logvinov v. Wells Fargo Bank*, No. 11-cv-4772 DMR, 2011 WL 6140995 at \*3 (N.D. Cal. Dec. 9, 2011) (citing *Wadhwa v. Aurora Loan Servs., LLC*, No. 11-1784, 2011 WL 2681483, at \*4 (E.D. Cal. July 8, 2011) (suggestion that "assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid" has been "rejected by numerous courts")); *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1260 (D. Haw. 2012) (dismissing FDCPA claim and rejecting plaintiffs' theory that the original loan owner Wells Fargo became a "debt collector" because it had securitized plaintiffs' note and mortgage and subsequently the securitized trust terminated without the note and mortgage being explicitly transferred back to Wells Fargo, because there is "no authority for the legal conclusion that a 'termination' of a trust comprising a securitized pool of mortgages necessarily ends the mortgages and loan obligations that comprise that trust"); *Unlu v. Wells Fargo Bank NA*, No. 10-CV-5422 EJD, 2011 WL 6141036 (N.D. Cal. Dec. 9, 2011) ("REMIC securitization . . . does not actually remove the property interest of the party assigning the note—the purchase of the note by entities which sell securities (i.e. securitization of the note) does not alter the Note."); *Robertson v. Citibank, N.A.*, No. 12-cv-2996-JSW, 2013 WL 752491 at \*3 (N.D. Cal. Feb. 27, 2013) ("Securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way.") (citations and formatting omitted). Thus, World Savings did not lose its interest in the loan simply by securitizing it, and Wells Fargo succeeded to World Savings' interest when World Savings changed its name to Wachovia and Wachovia merged into Wells Fargo. Plaintiffs' second premise is that an entity that acquires an obligation while it is in default is a "debt collector." This premise is flawed for two reasons. First, the loan was not in default when Wells Fargo acquired the loan,

6

1 because the allegations and judicially noticeable facts show that Wells Fargo "acquired" the loan by
2 succeeding to the ownership of the loan through a name change and a merger; for the above reasons,
3 the securitization of the loan does not change that fact. Second, the law does not support Plaintiffs'
4 conclusion that an entity acquiring an obligation in default is necessarily a debt collector. *See*
5 *Schlegel*, 720 F.3d at 1206 (Wells Fargo was not a "debt collector" even though it had acquired the
6 mortgage loan when the plaintiffs were delinquent on their loan payments and were in default under
7 the loan agreement).[5]

### V. CONCLUSION

Plaintiffs have had two opportunities to allege FDCPA claims, and have failed both times to add allegations sufficient to demonstrate that Wells Fargo is a "debt collector" and that the conduct complained of falls outside the jurisdiction of the class action court. Further amendment would be futile. Accordingly, the FAC is **dismissed with prejudice.** The clerk is directed to close the case.

Dated: October 27, 2014



DONNA M. RYU
United States Magistrate Judge

---

[5] The primary case cited by Plaintiffs for their conclusion that an entity acquiring a debt when it is in default is automatically considered a debt collector is *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012). In *Bridge*, the Sixth Circuit considered the defendants' argument that they fell within an exception to the definition of "debt collector." 15 U.S.C. § 1692a(6)(F) creates several exceptions to the definition of "debt collector," including that a "debt collector" does not include "any person collecting . . . any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). However, simply because a person who collects a debt due to another when the debt is not in default is *not* a debt collector does not mean that the inverse is true (i.e., that any person who collects a debt that is in default *is necessarily* a debt collector). *See Schlegel*, 720 F.3d at 1206.

7